## COLLIN COUNTY MOTOR CO. v. HOWARD.

No. 12446.

Court of Civil Appeals of Texas. Dallas.

Oct. 15, 1938.

Rehearing Denied Nov. 12, 1938.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Lightfoot, Robertson & Gano, and Dan P. Johnston, all of Fort Worth, for appellant.

W. R. & W. P. Abernathy, of McKinney, and Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

BOND, Chief Justice.

This is an action brought in the District Court of Collin County by appellee, J. T. Howard, as plaintiff, against appellant, Collin County Motor Company, a corporation, and Howard B. Franklin, as defendants, to recover damages for personal injuries sustained in a collision between automobiles on the main highway between Dallas and Plano. From a judgment in favor of plaintiff against both defendants, Collin County Motor Company alone appealed.

The uncontroverted evidence shows that, prior to and at the time of the collision in question, Howard B. Franklin, the driver of one of the automobiles and whose acts plaintiff seeks to hold the defendant, Collin County Motor Company, liable, was an employe of Collin County Motor Company, he was a salesman, paid a salary and commission, or bonus, on automobiles sold by him. His headquarters was at the Motor Company's place of business at McKinney, Texas. In line with his duties, Franklin was authorized to use his employer's automobiles for his personal use, demonstrate and sell them to customers in and out of Collin County, and was privileged to pursue his duties after regular work hours. When engaged in demonstrating or selling automobiles, he was not required to be at the Company's headquarters or to return the automobiles to his Company's place of business when not in service, but was allowed to keep them at his home, available for his personal use, demonstration or sale; in fact, after an automobile had once been turned over to Franklin, it never again was kept at the Company's place of business.

On the day of the collision, Franklin went to Dallas in his employer's automobile, for at least two purposes connected with his employment—first, an errand to the Ford plant; and second, for the purpose of calling on a Mr. Hume, to interest him in the purchase of an automobile. On arriving at Dallas, about 11 o'clock, a. m. Franklin went direct to the Ford plant, attended to that errand, ate his lunch, and, while there, telephoned to Mr. Hume's place of business—Highland Park High School, North of Dallas; and, on learning that he would be unable to talk with Mr. Hume, he left the Ford plant, went to Rose, Wilson & Company, a business enterprise located in another section of Dallas, and from there to the Highland Park High School to see Mr. Hume.

On being advised that Mr. Hume was not there, he then went to the business section of Dallas, to E. M. Kahn's Clothing store to make a personal purchase, and then to Oak Cliff, in South Dallas, to visit a relative. After remaining in Oak Cliff for two or three hours, about 4 o'clock in the afternoon, Franklin started his sojourn to McKinney, intending to go direct to his home. On his journey home, he went through the City of Dallas, intersecting Greenville Avenue, North of the city, thence over the main highway leading to McKinney, and just before reaching Plano, between sundown and dark, the collision in question occurred and under circumstances as to convict Franklin of negligence, proximately causing appellee's injuries. The jury found, among other essential elements for recovery, that at the time of the collision Franklin was in the regular course of his employment and in performance of the business of the defendant, Collin County Motor Company.

Appellant assigns error, challenging the sufficiency of the evidence to sustain the verdict, basing its proposition, that the master is not liable for damages resulting from the negligence of the servant unless at the particular time of the accidental occurrence the servant is engaged in the performance of some duty or work for his master; and, where the servant had performed duties of his master and had turned aside from the performance of those duties to engage in the performance of acts purely personal to him and in nowise connected with his employment or service for the master, the master cannot be held liable for the acts of the servant until he resumes the performance of the master's duties.

We believe that, under the facts of this case, Franklin at the time of the collision had resumed his employment, which had been effectually interrupted by his stepping aside on missions purely his own, and was then engaged in the performance of duty or work for his master in his sojourn home with his master's automobile. Franklin's employment as salesman for the Collin County Motor Company was unlimited as to the time he was allowed to work, that he was expressly authorized to retain possession of his employer's automobile and became responsible for its safe-keeping and return. Franklin's duty on the day in question was to go to Dallas, and it was equally his duty to return to McKinney. His employment was not so restricted as to require him to return immediately, or at any specified time, on cessation of his employer's errands; nor, did it prevent him from interrupting his employer's business for the time, and performing missions of his own. It is true, Franklin turned aside from his master's duties and had the collision occurred while on his personal errands, his employer would not have been liable for his acts of negligence; but, such is not the case here, he had taken up his master's duties—gotten back on the highway to McKinney, over which he was expected to return, and was driving home with his master's automobile when the collision occurred. His sojourn home with his master's automobile was in the performance of his master's duty, as was his act in going; and, the mere fact that his return was delayed due to missions of his own, cannot affect the issue of employment, or the scope within which the employment extended.

Appellant further complains of the action of the trial court in refusing to discharge the jury and declare a mistrial because, in the presence of the jury, appellee's attorney asked Sam Smith, General Manager of Collin County Motor Company, while a witness, whether or not "The Collin County Motor Company at McKinney, Texas, carried Workmen's Compensation insurance on its employes", and because of the colloquy between the court and the attorneys in reference to the admission of the testimony sought to be elicited by the question, and by other related questions. We think there is no merit in the contention.

One of the essential elements necessary for appellee to prove in support of liability of Collin County Motor Company, for the alleged negligence of Howard B. Franklin in operating the automobile in question, was that Franklin, at the time of the collision, was a regular employe of the Motor Company, and was then acting within the scope of his employment. Plaintiff alleged that Franklin was so employed and was acting within the scope of his employment at the time of the collision, which was not admitted by the defendants but denied; thus, bearing on the controversial issues, the testimony sought by the question, and by such allied questions to follow, that the Motor Company carried Workmen's Compensation insurance on its employes, including Franklin, that it had delivered a salary-payroll to the Compen-

sation Insurance carrier, based on Franklin's salary, and certified that Franklin was injured in the collision and entitled to compensation because of his employment and injuries received in the course of his employment, were germane to the issue of liability of his employer. Such testimony was worthy to be considered and weighed by the jury in answering the question as to whether Franklin, at the time of the collision, was acting within the regular course of his employment and in the furtherance of the business of the defendant, Collin County Motor Company (Special issue number 18); and refutes any imputation that, at the time of the collision Franklin was an independent contractor, or on missions purely of his own.

The record reveals that, when appellee's attorney asked the question as to whether or not the Collin County Motor Company carried Workmen's Compensation insurance on its employes, appellant objected, stating in the presence of the jury that the question elicited immaterial and irrelevant testimony, and asked the attorney who propounded the question, what his purpose was in asking the question. Whereupon, the attorney said: "It is our theory that we have a right to show that it carried Workmen's Compensation insurance on its workmen, including Mr. Franklin, that they had delivered a salary-payroll to the Insurance Company, and that it was based on his salary and shows that he was an employe." "If I recall the evidence," the attorney related, "they had an oral contract with him. I think we have a right to introduce that evidence to show what the intention of the parties was and the relationship. We want to show that they carried Workmen's Compensation insurance—" The trial judge then stated: "I understand what you are trying to show. There is some doubt as to whether it is admissible on the theory on which you offer it. The question is whether or not the prejudicial part of it outweighs the necessity for its admission. The jury should never

find out that you are carrying compensation insurance." Thereupon, appellee's attorney remarked: "Judge, there couldn't be any prejudice if the evidence is admissible, and I am convinced that it is to show what this man's (Franklin) relationship was to his company. We certainly have a right to go into it. They come up here with a general denial." The court then overruled appellant's objection; and, on appellant admitting in open court that "there is no contention made by the Collin County Motor Company that Howard Franklin was not an employe of the Collin County Motor Company, and that the relationship of master and servant exists"; the question was withdrawn and the jury instructed not to consider the question for any purpose.

The defendant's answer by general denial thus placed the burden of proof upon plaintiff to prove all elements for recovery, including that Franklin was an employe of the defendant Motor Company, and following that, he was in the course of his employment at the time of the collision. It is not analogous to a situation, where a jury is advised by questions or otherwise that the defendant is protected by liability insurance, or general casualty insurance. The Workmen's Compensation insurance on employes does not suggest casualty insurance, or leave room for the jury to speculate as to the kind and extent of insurance, or the existence of liability insurance indemnifying the insurer against loss, or damage. We think the testimony elicited by the question and such allied questions would have been admissible; and, certainly, the asking and withdrawing of the question and the incidental remarks of the court present no reversible error.

No error is revealed from appellant's assignments; accordingly, they are overruled, and the judgment of the court below is affirmed.

Affirmed.