Ruben SALMON et al., Appellants,

v.

Jose S. HINOJOSA (Guardian of the person & Estate of Jose O. Hinojosa, a minor) et al., Appellees.

No. 15501.

Court of Civil Appeals of Texas, San Antonio.

June 9, 1976.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellants.

Pope & Pope, Rio Grande City, for appellees.

CADENA, Justice.

Defendants, Ruben Salmon and Noel Salmon, partners who are operators of a fertilizer plant known as Red Barn Chemical Company, appeal from a judgment, following a nonjury trial, against them and Tomas Vasquez in the sum of $1,128.20 for damages to buildings. Vasquez has not perfected an appeal.

The damage to the buildings resulted when a truck owned by the partnership and operated by Vasquez, an employee of the partnership, crashed into the buildings. The litigation originated as two separate suits. The first suit was filed by plaintiff, Jose S. Hinojosa, as guardian of the person and estate of Jose Octavio Hinojosa, while the second suit was filed by plaintiff, Raul Guerrero. The two suits were consolidated for trial and a single judgment, awarding both plaintiffs recovery, was rendered.

The sole question here concerns the legal and factual sufficiency of the evidence to support the implied finding that, at the time of the accident, Vasquez was acting in the course of his employment.

Vasquez had been working for Ruben and Noel Salmon since the Salmons purchased and began operating the business, which is located in Rio Grande City. He worked six days a week for a weekly salary of $42.00.

Ruben Salmon owned a ranch located about three miles from Rio Grande City. This ranch was not part of the partnership property and Noel Salmon owned no interest in it. At the time of the accident, Vasquez was living at the ranch. He paid no rent, and there is no evidence that he performed any duties at the ranch, although there is testimony to the effect that his son took care of the cattle.

Vasquez owned no car, and he was allowed to use the company's truck for the purpose of going to and from work, keeping the truck overnight at the ranch. There is no evidence that while going from the ranch to the plant, or from the plant to the ranch, he was expected to perform any duties in connection with his employment at the plant. Nor is there any evidence that he did anything in connection with his employment at the plant while he was at the ranch.

On Monday, January 14, 1974, after completing his duties at the plant, Vasquez returned to his home at the ranch as usual, using his employer's truck. At about 10:00 P.M. the night of the 14th he decided to cross the border into the Republic of Mexico for the purpose of getting some of his clothing, which he said was at the home of his family in Camargo, Mexico. He left Camargo at about 5:30 A.M. on Tuesday, January 15, 1974, to return to Rio Grande City. Since he had to report for work at 7:00 A.M., he did not return to his home at the ranch but proceeded directly to his place of employment. Shortly before 7:00 A.M., while operating the vehicle on Main Street in Rio Grande City, he lost control of the truck and crashed into the buildings owned by plaintiffs.

Vasquez had not been given permission to take the truck into Mexico for any purpose. On the return trip he made no stops involving the business of his employer. His employer had given him no instructions concerning the route he should follow in going to and from work, but at the time of the accident he was traveling over one of the two routes he normally followed on his journeys from the ranch to work.

It is undisputed that at the time of the accident Vasquez was employed by the Salmons and that he was operating a truck owned by his employer. These facts give rise to the presumption that, at the time of the accident, he was acting within the scope and course of his employment. *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763 (1940). However, this presumption was rebutted by direct and

positive evidence that at the time of the accident Vasquez was merely on his way to work and was not engaged in the furtherance of his employer's interests. The presumption in question is not considered to be based on a preponderance of probabilities. Instead, it is based on the fact that one of the parties has peculiar knowledge of the facts or peculiar access to the relevant evidence, so that once the facts on which the presumption is based are established, it is not unfair to cast on such party the burden of producing the relevant evidence. Therefore, the facts on which the presumption is based, i. e., employment and operation of the employer's vehicle, have no probative value, standing alone, on the question of whether or not the employee was acting within the scope of his employment. That is, such facts do not support an inference that the driver was acting within the scope of his employment. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 355–56 (Tex.1971). The burden was then on plaintiffs to introduce independent evidence showing that the employee was acting in the course of his employment, and in the absence of such independent evidence there is no basis for a verdict or judgment in their favor.

■ The evidence brings the case within the rule that an employee is not acting within the scope of his employment while going to and from work, even though he uses his employer's vehicle as the means of transportation. The facts in this case are not distinguishable from those involved in *Thompson v. B. B. Saxon Co.,* 472 S.W.2d 325 (Tex.Civ.App.—San Antonio 1971, no writ), where we held that the evidence established as a matter of law that the servant was not acting within the course of his employment at the time of the accident.

The cases relied on by plaintiffs are not in point. *Collin County Motor Co. v. Howard,* 121 S.W.2d 460 (Tex.Civ.App.—Dallas 1938, writ dism'd). The problem was created by the fact that the employee, after beginning a journey admittedly in furtherance of his employer's business, "deviated" from the performance of his duties in order to perform a mission "purely his own." The only holding in *Howard* is to the effect that, after such deviation, the employee had returned to the performance of his duties and, at the time of the accident, was engaged in the furtherance of his employer's business. *Gulf Refining Co. v. Texarkana & Ft. S. Ry. Co.,* 261 S.W. 169 (Tex.Civ.App.—Texarkana 1924, writ dism'd), is another "deviation" case. The holding there was simply that the deviation was so "slight" that the employee was still engaged in the performance of his duties at the time of the accident. 261 S.W. at 170.

We do not understand plaintiffs' reliance on the opinion of the Austin Court of Civil Appeals in *Royal Indemnity Co. v. H.E. Abbott & Sons, Inc.,* 399 S.W.2d 343 (Tex. 1966). The issue in that case was not whether the driver of the vehicle was acting within the scope of his employment, since the case did not involve the liability of a master for the negligence of his servant. The sole question was whether, at the time of the accident, the driver was operating the vehicle with the consent of its owner, so as to bring the case within the "omnibus clause" of a liability insurance policy issued to the owner which extended coverage to any person using the vehicle with the consent of the insured. Even if the holding of the Court of Civil Appeals, to the effect that the driver was operating the motor vehicle with the owner's consent, can, in some manner, be interpreted as supporting plaintiffs' contention in the case before us, we are precluded from adopting such interpretation by the fact that the judgment of the Court of Civil Appeals was reversed by our Supreme Court.[1] *Royal Indemnity Co. v. H. E. Abbott & Sons, Inc.,* supra.

■ Since there is no evidence in the record to support the implied finding that, at the time of the accident, Vasquez was acting within the course and scope of his employment, the judgment of the trial court is reversed and judgment is here rendered that, as against Ruben and Noel Salmon, plaintiffs take nothing.

1. Plaintiffs did not mention this fact in their brief.