Maximo LONGORIA, et al., Appellants,

v.

TEXACO, INC., et al., Appellees.

No. 2523cv.

Court of Appeals of Texas, Corpus Christi.

March 3, 1983.

A.A. Munoz, II, Rafael H. Flores, McAllen, for appellants.

Nolan K. Stutzman, Ewers & Toothaker, McAllen, for appellees.

**334**

Before NYE, C.J., and UTTER and GON-ZALEZ, JJ.

OPINION

UTTER, Justice.

Appellants seek relief from an Order granting appellee Texaco's Motion For Summary Judgment. We affirm.

Appellants seek to recover from appellee Texaco and its employee Talmadge Zager for personal injuries and damages suffered by them when their automobile collided with a vehicle operated by Mr. Zager. Appellants allege that, at the time of the accident, Mr. Zager was within the course and scope of his employment with appellee and that his negligence was therefore attributable to appellee. Appellee filed a Motion For Summary Judgment, contending that the uncontested summary judgment evidence conclusively revealed that Mr. Zager was not acting within the scope of his employment.

It is undisputed that appellee employed Mr. Zager and provided the car he was driving at the time of the accident. Appellee filed two affidavits in support of its Motion—one by Mr. Zager and one by his supervisor, Mr. Reneau. Appellants did not file any affidavits controverting appellee's Motion For Summary Judgment.

■ In a summary judgment proceeding, the burden of proof is on the movant to establish his right to a summary judgment on the grounds expressly presented to the trial court. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Where, as in this case, the non-movant does not file a response or a controverting affidavit, it can only contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. No other issues may be raised on appeal by the non-movant as grounds for reversal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Sugar Creek Homes Association v. Berry*, 590 S.W.2d 590 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Therefore, the sole issue before us is whether appellee has established as a matter of law that Mr. Zager was acting outside the scope of his employment.

■ In order to hold a master liable for an act of his servant, the act must be committed:

1. within the scope of the general authority of the servant;

2. in furtherance of the master's business;

3. and for the accomplishment of the object for which the servant is employed.

*Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354 (Tex.1971). The relationship between the owner of an automobile and the person employed by him to drive it is the same as that between master and servant generally; therefore, liability of the owner for the negligence of the driver is determined by applying the general rules that govern liability of the master for negligence of the servant. *Southwest Dairy Products Co. v. De Frates*, 132 Tex. 556, 125 S.W.2d 282 (Tex.Comm'n App.1939, opinion adopted).

■ It is undisputed that, at the time of the accident, Mr. Zager was employed by appellee and was driving a vehicle provided by his employer. These facts create a presumption that, at the time of the accident, Mr. Zager was acting within the scope and course of his employment. *Robertson Tank Lines, Inc. v. Van Cleave*, supra; *Salmon v. Hinojosa*, 538 S.W.2d 22 (Tex.Civ.App.—San Antonio 1976, no writ). However, such a presumption is not evidence, but rather a rule of procedure or an administrative assumption which is overcome when positive evidence to the contrary is introduced. *Thompson v. B.B. Saxon Company, Inc.*, 472 S.W.2d 325 (Tex.Civ.App.—San Antonio 1971, no writ).

■ Appellants point out in their brief that, according to Mr. Reneau's affidavit, "... the car was not merely an accommodation but was in the nature of a 'fringe benefit'" to Mr. Zager; that if the personal use of the auto was a fringe benefit, it was therefore part of his compensation; and that allowing Mr. Zager to operate its auto-

mobile for both field work and personal needs was "obviously in the furtherance of Texaco's business," because Texaco "was also interested in having him use the vehicle to go to and from his home." However, the fact that an employer is furnishing transportation to an employee as part of the employment contract, when taken alone, is not sufficient to establish "course of employment." *Texas Employers Insurance Association v. Byrd,* 540 S.W.2d 460 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r. e.).

■ Appellants cite no cases supporting their contention that an employee's personal use of a company car satisfies the *Robertson* "furtherance of the master's business" requirement to hold a master liable for the acts of his servant. In fact, the clear weight of authority expresses the opposite reasoning. For example, it has been held that an employee is not acting within the scope of his employment while going to and from work, even if he uses his employer's vehicle as the means of transportation. *Salmon v. Hinojosa,* supra. Similarly, unless an employee is being directed by his employer, or is performing a service in furtherance of his employer's business with the express or implied approval of the employer, the employee is not within the course and scope of his employment while using public streets in going to or coming from work. *Gebert v. Clifton,* 553 S.W.2d 230 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

In the case before us, Mr. Zager stated in his affidavit supporting the Motion For Summary Judgment that he had finished his work for Texaco for the day and left the Edinburg office. On his way home from work, he was involved in the collision that is the subject matter of this suit. He further stated:

> Once I left the field office in Edinburg, I was off duty and transacted no business for my employer Texaco, Inc., performed no duties for my employer, and undertook no mission for Texaco ... My trip was for the purely personal mission of going to my home in McAllen and was for my own accomodation (sic.). Texaco does not require me to take the vehicle to my home ... The provision of transportation is not a part of my salary.

■ In considering summary judgment evidence, if the uncontradicted testimony comes from an interested witness, such testimony will not establish a fact as a matter of law unless the testimony from the interested witness is "clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach it." *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 180, 166 S.W.2d 904 (Tex.1942); *Tabor v. Medical Center Bank,* 534 S.W.2d 199 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

■ In the case before us, Mr. Zager's affidavit was clear, direct, and positive. As there is nothing in evidence tending to discredit or impeach it, we hold that the trial court properly ruled that appellee rebutted and overcame the presumption that Mr. Zager was acting within the course and scope of his employment. *Martin v. Jenkins,* 381 S.W.2d 115 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.); *Thompson v. B.B. Saxon Company, Inc.,* supra. Appellants also argue that the affidavits of Mr. Reneau and Mr. Zager, both interested parties, are in conflict, and therefore cannot form the basis of proper summary judgment proof. Specifically, appellants point to Mr. Reneau's reference to Mr. Zager's use of the car as a "fringe benefit of his position," as opposed to Mr. Zager's own statement that the "provision of transportation is not a part of my salary." However, we see no inconsistency between the expressions "fringe benefit" and "not a part of ... salary." In fact, the two statements support one another.

■ Finally, appellants claim that the testimony of Mr. Zager and Mr. Reneau is incompetent summary judgment evidence because knowledge of Mr. Zager's course and scope of employment is solely in the hands of appellee, and could not have been readily controverted by appellants. However, the uncorroborated affidavit of an

interested party or witness will support a summary judgment in the absence of a controverting affidavit or of an attempt by the non-movant to avail himself under Tex. R.Civ.P. 166–A(f) to seek a delay in order to secure affidavits or take depositions to controvert the facts stated by the interested party or witness in his affidavit. *Midwestern Development Company v. Dunlap,* 389 S.W.2d 112 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.). *Lotspeich v. Chance Vought Aircraft,* 369 S.W.2d 705 (Tex.Civ. App.—Dallas 1963, writ ref'd n.r.e.).

We hold that the summary judgment evidence adduced by appellee is sufficient as a matter of law to support the summary judgment.

The judgment of the trial court is AFFIRMED.