ACCEPTED
12-16-00095-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/11/2016 2:09:06 PM
Pam Estes
CLERK

NO. 12-16-00095-CV

IN THE COURT OF APPEALS,
TWELFTH DISTRICT OF TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/11/2016 2:09:06 PM
PAM ESTES
Clerk

_____

ALBERT RAY WILLIAMS,
*Appellant,*

v.

GREAT WESTERN DISTRIBUTING COMPANY OF AMARILLO
D/B/A BILL REED DISTRIBUTING COMPANY
*Appellee.*

**_____**

On Appeal from the 104th District Court
of Taylor County, Texas
Cause No. 26,604-B

**_____**

### APPELLEE'S BRIEF

_____

Respectfully submitted,

MCMAHON SUROVIK SUTTLE, P.C.
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 FAX

BY:  ROBERT WAGSTAFF
     State Bar No. 20665000
     rwagstaff@mcmahonlawtx.com
     JESSICA L. HAILE
     State Bar No. 24071580
     jhaile@mcmahonlawtx.com
**ATTORNEYS FOR APPELLEES**
ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents ..........................................................................................ii

Index of Authorities .....................................................................................iv

REPLY POINT ONE ..................................................................................... 1

STATEMENT OF FACTS ............................................................................. 1

APPELLEES REPLY POINT ONE RESTATED ........................................... 2

SUMMARY OF THE ARGUMENT ............................................................. 2

STANDARD OF REVIEW ............................................................................ 4

ARGUMENT & AUTHORITIES ................................................................... 7

I.      The Trial Court Properly Rendered Partial Summary Judgment on
        Appellant's *Respondeat Superior* Claim, which Merged into the Final
        Order Granting Defendant, Bill Reed's Motion To Strike, and Became
        Final And Appealable Upon Severance ................................................. 7

II.     The Trial Court Properly Granted Appellee's Motion for Summary
        Judgment on *Respondeat Superior* .......................................................... 9

        A.      Workers' Compensation Act v. *Respondeat Superior* ..................... 9

        B.      Appellant Presents No Evidence to Support its Claim of
                *Respondeat Superior* ................................................................... 12

III.    PRAYER .............................................................................................. 20

CERTIFICATE OF COMPLIANCE ............................................................ 21

CERTIFICATE OF SERVICE ..................................................................... 21

# INDEX OF AUTHORITIES

## Cases

*Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 413 (Tex. App.-Houston [14th Dist.] 1991, writ denied) ........................................................... 13

*Bell v. VPSI, Inc.*, 205 S.W.3d 706, 718 (Tex. App.-Fort Worth 2006, no pet.) ....................................................................................................... 15, 16

*Berry v. Gregg Indus. Servs., Inc.*, 907 S.W.2d 4 (Tex. App. –Tyler 1994, writ denied) ................................................................................................... 9

*City of Beaumont v. Stewart*, 09-12-00316-CV, 2012 WL 5364678, at *3 (Tex. App.—Beaumont Nov. 1, 2012, no pet ................................................. 13, 15

*Compare Mapp v. Md. Cas. Co.*, 730 S.W.2d 658, (Tex. 1987) ........................ 9

*Drooker v. Saeilo Motors*, 756 S.W.2d 394, 397-98 (Tex. App.-Houston [1st Dist.] 1988, writ denied) .................................................................... 14, 16

*FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000) ... 4

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) ........................ 6

*Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex.2010) ..................... 7

*Gant v. Dumas Glass & Mirror, Inc.*, 935 S.W.2d 202, 212 (Tex. App. -Amarillo 1996, no writ) .................................................................... 13, 14

*Garcia v. City of Houston*, 799 S.W.2d 496, 499 (Tex. App.-El Paso 1990, writ denied) ............................................................................................... 16

*Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 481 (Tex. 2005) ..................... 10

*Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) ....................................... 7

*Henry v. Cullum Companies, Inc.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied) ......................................................................... 7

*Holditch v. Standard Acc. Ins. Co.*, 208 F.2d 721 (5th Cir. 1953)........................9

*J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 636 (Tex. App.—
San Antonio 1993, no writ) ................................................................. 15, 17, 18

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) ..........4

*Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983) ...............................6

*Leatherwood v. Holland*, 375 S.W.2d 517, 519 (Tex. Civ. App.—Fort Worth
1964, writ ref'd n.r.e.) ....................................................................................7

*Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 335 (Tex. App.-Corpus Christi
1983, no writ) ...............................................................................................16

*Maughon v. ARMC, L.P.,* 11-06-00049-CV, 2007 WL 2390717, at *1 (Tex.
App.—Eastland Aug. 23, 2007, no pet.) ...........................................................6

*Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)
(citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence"
Points of Error,* 38 Tex. L. Rev. 361, 362–63 (1960)) ...................................5, 6

*McCormack v. Guillot*, 597 S.W.2d 345 (Tex. 1980) ........................................7

*Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 47 (Tex. App.-Fort Worth
2002, no pet.)................................................................................................13

*S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) ............................7

*Salmon v. Hinojosa*, 538 S.W.2d 22, 24 (Tex. Civ. App.-San Antonio 1976,
no writ) .........................................................................................................16

*SeaBright Ins. Company v. Lopez*, 465 S.W.3d 637 (Tex. 2015) .......................9

*Smith v. Tex. Emp'rs' Ins. Ass'n*, 105 S.W.2d 192 (Tex. 1937) .........................9

*Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) .....................................5

*Tex Mut. Ins. Co. v. Jerrols*, 385 S.W.3d 619 (Tex. App.—Houston [14th Dist.] 2012, pet. dismissed) ................................................................. 9

*Timpte Industries, Inc.*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006)) ................................... 5

*Upton v. Gensco, Inc.*, 962 S.W.2d 620, 622 (Tex. App.—Fort Worth 1997, pet. denied) (citing *Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d at 907 (citing *London v. Texas Power & Light Co.*, 620 S.W.2d 718, 720 (Tex. Civ. App.—Dallas 1981, no writ)) ........................................................... 16, 17

*Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005) ............... 4

*Ward v. Wright*, 490 S.W.2d 223, 226 (Tex. Civ. App.—Fort Worth 1973, no writ) ...................................................................................... 10, 11

*Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972) ........................................ 8

*Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d 904, 906 (Tex. App.-Corpus Christi 1988, no writ) citing, *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971)) ........................................................... 12

## Statutes and Rules:

TEX. R. CIV. P. 166a(c) .................................................................................. 6

TEX. R. CIV. P. 166a(i) .................................................................................. 6

## APPELLEE'S BRIEF

**TO THE HONORABLE COURT OF APPEALS:**

NOW COMES, GREAT WESTERN DISTRIBUTING COMPANY OF AMARILLO D/B/A BILL REED DISTRIBUTING COMPANY ("Appellee"), by and through their attorneys of record, Robert Wagstaff and Jessica Haile, McMahon Surovik Suttle, P.C., and files the Brief of Appellee and would show the Honorable Court the following:

## REPLY POINT ONE

The trial court properly granted Appellee's Motion for Summary Judgment.

## STATEMENT OF FACTS

**Background**

Appellant, Albert Williams ("Appellant") was involved in a motor vehicle collision with Defendant, Dakotah Croxton ("Defendant Croxton"), who was driving a vehicle owned by his employer, Appellee, on June 7, 2012. On December 20, 2012, Appellant filed suit against Defendant Croxton and Appellee alleging various causes of action relating to a car accident that occurred between Appellant and Defendant Croxton. Appellant brought suit against Appellee, asserting Appellee was directly liable on the grounds that it was negligent and grossly negligent and vicariously liable under the doctrine of *respondeat superior*.

After a sufficient amount of time for discovery passed, on January 9, 2015, Appellee filed a motion for summary judgment on Appellant's claims of gross negligence and *respondeat superior*. The trial court ruled immediately granting summary judgment on the claim of gross negligence, but asked for additional briefing on the issue of *respondeat superior*. On July 9, 2015, the trial court issued a letter ruling granting Appellee's motion for summary judgment on the *respondeat superior* issue as well. Appellee filed special exceptions to Plaintiff's Third Amended Petition, which were granted, and when Appellant failed to abide by the trial court's order on the special exceptions, Appellee filed a Motion to Strike all claims against Appellee, which the trial court granted on January 25, 2016. Appellant then filed a Motion to Sever the Claims against Appellee so that the Motion to Strike would be final and appealable. The Court ordered severance of the claims against Appellee on February 9, 2016. Appellant appeals the trial court's Partial Summary Judgment on the issue of *respondeat superior*.

## Appellees Reply Point One Restated

The trial court properly granted Appellee's Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

Summary Judgment was properly rendered by the trial court on the issue of *respondeat superior* when the court announced its decision to grant the

motion for summary judgment on the issue of *respondeat superior* in open court on August 11, 2015. The partial summary judgment was interlocutory at the time judgment was rendered because it did not dispose of all parties and all claims. The trial court's order on the *respondeat superior* issue merged into the Court's order granting Appellee's Motion to Strike which disposed of all claims against Appellee, and dismissed Appellee from the underlying suit. This order became final on February 9, 2016 when the Court granted severance of the claims against Appellee from the remaining claims in the underlying suit. Therefore, the issue of whether the trial court properly granted Appellee's Partial Motion for Summary Judgment on the *respondeat superior* claim is properly before this Court and subject to appellate review.

The trial court properly granted Appellee's Partial Motion for Summary Judgment on the *respondeat superior* claim because there is no evidence before the court that Defendant Croxton was acting in the course and scope of his employment, in furtherance of Appellee's business and for the accomplishment of the object for which he was hired. Without evidence to support this element, Appellant's claim for *respondeat superior* fails as a matter of law. Furthermore, the uncontroverted evidence that is before the Court establishes that Defendant Croxton was <u>not</u> acting in the course and scope of his employment at the time of

the accident and negates that element of Appellant's *respondeat superior* claim. Therefore, the trial court's order granting summary judgment on the issue of *respondeat superior* in favor of Appellee should be upheld.

## STANDARD OF REVIEW

**Standard of Review for Summary Judgment.**

When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, as is the case here regarding Appellant's premises liability claim, the reviewing court must consider the summary judgment evidence presented by both sides, determine all questions presented, and if the reviewing court determines that the trial court erred, it will render the judgment the trial court should have rendered. *See FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000); *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). When a summary judgment order does not specify the grounds on which it was granted, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

*No Evidence Motion for Summary Judgment*

In conducting a no-evidence summary judgment review, the reviewing court considers the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, credits evidence favorable to that party if reasonable jurors could, and disregards contrary evidence unless reasonable jurors could not. *Timpte Industries, Inc.*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006)). Once the movant specifies the elements on which there is no evidence, the burden shifts to the non-movant to raise a fact issue on the challenged elements. *Id. Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L. Rev. 361, 362–63 (1960)). Thus, a no-evidence summary judgment is improperly granted if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of

material fact. Tex. R. Civ. P. 166a(i); *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms.*, 953 S.W.2d at 711. If the non-movant fails to meet his or her Rule 166a(i) burden, then there is no need to address whether the movant satisfied their burden for obtaining a traditional summary judgment under Tex. R. Civ. P. 166a(c). *Maughon v. ARMC, L.P.*, 11-06-00049-CV, 2007 WL 2390717, at *1 (Tex. App.—Eastland Aug. 23, 2007, no pet.).

When a party moves for summary judgment on both a no-evidence and a traditional motion for summary judgment, the appellate courts first review the judgment under no-evidence standards. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

### *Traditional Motion for Summary Judgment*

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who

conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex.2010); *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014).

## ARGUMENT & AUTHORITIES

**I.  The Trial Court Properly Rendered Partial Summary Judgment on Appellant's *Respondeat Superior* Claim, which Merged into the Final Order Granting Defendant, Bill Reed's Motion To Strike, and Became Final And Appealable Upon Severance.**

Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). The rendition of the trial court's decision, whether in open court or by official document of the court, is the critical moment when the judgment becomes effective. *Henry v. Cullum Companies, Inc.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied). A judgment, on its rendition, even without any entry, is final, valid and enforceable between the parties. The oral official pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication may be said to be the rendition of its judgment. The writing out of the judgment in the form of a judgment on file, to be recorded, is a matter of subsequent clerical action. *Leatherwood v. Holland*, 375 S.W.2d 517, 519 (Tex. Civ.

---

App.—Fort Worth 1964, writ ref'd n.r.e.), disapproved of on other grounds by *McCormack v. Guillot*, 597 S.W.2d 345 (Tex. 1980).

Appellant gives too much deference to the ministerial act of signing a written order and filing the same with the clerk. The trial court clearly rendered partial summary judgment against Appellant on the *respondeat superior* issue, if not on July 9, 2015 in its letter ruling, at the very latest on August 11, 2015, when it pronounced in open court that it "granted the motion for summary judgment as to *respondeat superior*." (Supp. RR., Vol. 1, p. 23, ll. 6-7). The act of pronouncing the trial court's judgment on the *respondeat superior* issue, constitutes a valid and enforceable rendition of a interlocutory order.

An order is interlocutory if it does not dispose of all parties and issues in the pending suit. *Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972). Without severance, an interlocutory order does not become final and appealable until it is merged into a final judgment which disposes of all parties and all issues in the suit. Id.

The partial summary judgment granted by the court on the issue of *respondeat superior* was interlocutory as it did not dispose of all parties or all claims in the cause before the court. However, the partial summary judgment merged into the Court's Order granting Defendant's Motion to Strike, which

dismissed all claims against Defendant, Bill Reed. This Order then became final and appealable when the trial court granted severance of all claims against Defendant, Bill Reed, thereby disposing of all issues and claims against Defendant, Bill Reed, in the severed cause. Therefore, the partial summary judgment rendered by the trial court is properly before this Court and should be considered under the standard of review applied to summary judgments.

## II. The Trial Court Properly Granted Appellee's Motion for Summary Judgment on *Respondeat Superior*

### A. Worker's Compensation Act v. *Respondeat Superior*

Initially, Appellee is compelled point out that every single case cited by Appellant in Section III. B. of its Brief—*SeaBright Ins. Company v. Lopez*, 465 S.W.3d 637 (Tex. 2015); *Berry v. Gregg Indus. Servs., Inc.*, 907 S.W.2d 4 (Tex. App. –Tyler 1994, writ denied); *Compare Mapp v. Md. Cas. Co.*, 730 S.W.2d 658, (Tex. 1987); *Tex Mut. Ins. Co. v. Jerrols*, 385 S.W.3d 619 (Tex. App.—Houston [14th Dist.] 2012, pet. dismissed); *Holditch v. Standard Acc. Ins. Co.*, 208 F.2d 721 (5th Cir. 1953); *Smith v. Tex. Emp'rs' Ins. Ass'n*, 105 S.W.2d 192 (Tex. 1937) — in support of his argument that Defendant Croxton was acting within the course and scope of his employment when driving home for his lunch break is a worker's compensation insurance case. Worker's compensation cases analyze the issue of course and scope of employment under the statutory

framework of Title 5 of the Texas Labor Code pertaining to worker's compensation insurance. Therefore, these cases are distinguishable and utterly irrelevant to an analysis of course and scope under the common law doctrine of *respondeat superior* as applied in a personal injury suit such as this.

The Texas Supreme Court specifically states that the Workers' Compensation Act does not apply to the common law doctrine of *respondeat superior*. See *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 481 (Tex. 2005) ("In this case, we are construing only the Labor Code, specifically the Workers' Compensation Act; we are not applying general common-law principles regarding vicarious liability for injuries to third parties. We reiterate what we said in Wingfoot: 'The common-law principles that define when there will be vicarious liability are designed to assign liability for injury to third parties to the party who was directing the details of the negligent actor's conduct when that negligence occurred.' The Workers' Compensation Act was not."). While there is some commonality of language and concepts between the Workers' Compensation Act and the common law doctrine of *respondeat superior*, the courts consistently treat the two theories of liability and recovery as distinctly separate. In fact, in *Ward v. Wright*, the Fort Worth Court of Appeals specifically states:

The situation in the case before us, as it must be viewed for summary judgment purposes, was as follows: Both plaintiff and defendant were on their respective lunch hours. It was the intention of each of them to depart their employer's premises for lunch. They entered automobiles and were in the process of leaving the parking lot, defendant driving her automobile immediately behind that of the plaintiff, when these two vehicles collided by reason of the defendant's negligence. By reason of the collision the plaintiff's injury was sustained. By the foregoing *it is obvious that the parties' common employer would not, under the respondeat superior doctrine, have been responsible for the negligence of either of the parties to the automobile collision.*

….

The defendant, herself, if she also had sustained personal injuries in the same accident, would have been entitled to Workmen's Compensation Insurance benefits (because of the fact that such injuries were sustained while she was still upon the premises of her employer and it being assumed in absence of evidence to the contrary that she had 'elected' to be covered by her employer's policy of Workmen's Compensation Insurance.

*Ward v. Wright*, 490 S.W.2d 223, 226 (Tex. Civ. App.—Fort Worth 1973, no writ) (emphasis added). The court clearly distinguishes the Workers' Compensation Act from *respondeat superior* cases, and in fact, finds that a party may have recovery under one theory and not under the other in certain circumstances. Therefore, Appellant's attempt to merge the two theories of liability and recovery by citing exclusively Workers' Compensation cases for the proposition that there is no bright-line rule for determining whether an employee is acting within the course and scope of his employment is entirely misplaced.

Under Texas common law, to impose liability on an employer for the tort of his employee under the doctrine of *respondeat superior*, the employee's act must fall within the scope of the employee's general authority and must be in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. See *Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d 904, 906 (Tex. App.-Corpus Christi 1988, no writ) citing, *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971)).

**B.      Appellant Presents No Evidence to Support its Claim of *Respondeat Superior*.**

Appellant has provided no evidence that Defendant Croxton was acting in furtherance of Bill Reed's business while travelling home for lunch in a Bill Reed vehicle, or that the act of traveling home for lunch was for the accomplishment of the object for which Croxton was hired, as is required to establish *respondeat superior*; rather, the uncontroverted evidence before the Court establishes that Croxton was not acting in the course and scope of his employment.

*Presumption of Course and Scope*

When the vehicle involved in an accident is owned by the defendant-employer and the driver was an employee of the defendant-employer, "a presumption arises that the driver was acting within the scope of his

---

employment when the accident occurred." *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). However, where there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of his employer's business, the presumption is rebutted and the fact that the vehicle is owned by the defendant-employer and that the driver was an employee of the defendant-employer is not probative evidence that the employee was within the course and scope of employment at the time of the accident and is insufficient to raise a fact issue. Id. at 358; *City of Beaumont v. Stewart*, 09-12-00316-CV, 2012 WL 5364678, at *3 (Tex. App.—Beaumont Nov. 1, 2012, no pet.); *Gant v. Dumas Glass & Mirror, Inc.*, 935 S.W.2d 202, 212 (Tex. App.-Amarillo 1996, no writ) (presumption rebutted by employee's testimony he was returning from personal business of eating lunch en route to work); *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 47 (Tex. App.-Fort Worth 2002, no pet.) (presumption rebutted where employee, whom employer instructed to drive tractor-trailer from home to yard for maintenance, went to sister's house first on personal errand and was leaving her house to continue to maintenance yard when accident occurred); see also *Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 413 (Tex. App.-Houston [14th Dist.] 1991, writ denied) ("[A]n employer is

not liable for actions that an employee takes in his own interest and not to further the purpose of carrying out the master's business.").

Here, the presumption that Croxton was acting in the course of scope of his employment is created by the fact that Croxton was driving his employer's vehicle at the time of the accident. However, the presumption is rebutted by the uncontroverted evidence that Croxton was on a personal errand at the time of the accident. Croxton testified that he was heading home for lunch at the time of the accident. (C.R. 27). Thus, Appellant cannot rely on the facts that Croxton was driving a vehicle owned by Defendant, Bill Reed and that Croxton was an employee of the Defendant, Bill Reed at the time of the accident to raise a fact issue to defeat summary judgment on *respondeat superior*.

### *Presumption of Course and Scope Rebutted*

Croxton's uncontroverted testimony is in line with the holdings of several Texas courts that found that evidence that an employee was driving a company vehicle while going to or from lunch or dinner break was evidence that the employee was not acting within the scope of his employment. See *Gant v. Dumas Glass & Mirror, Inc.*, 935 S.W.2d 202, 212–13 (Tex.App.-Amarillo 1996, no writ) (holding that employee was not within the scope of employment when the accident occurred while he was in his company vehicle en route back

to work after "attending his personal business of eating lunch"); *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 397-98 (Tex. App.-Houston [1st Dist.] 1988, writ denied) (finding no evidence that employee was acting within scope of his employment where employee left work in employer's vehicle with two co-workers for a dinner break, intended to return to work after the meal, and was en route to dinner when the accident occurred); *City of Beaumont v. Stewart*, 09-12-00316-CV, 2012 WL 5364678, at *3 (Tex. App.—Beaumont Nov. 1, 2012, no pet.) (holding that the fact that an employee was driving within his or her designated work area at the time of an accident when headed home for lunch does not constitute probative evidence that the employee was acting in furtherance of the employer's business); see also *J & C Drilling Co.*, 866 S.W.2d at 637–38 (holding that plaintiff failed to raise a fact issue regarding whether driver was within the scope of his employment where driver, who was in his company vehicle and was on 24–hour call, got into an accident returning to his rig site, after having left the site to have dinner in another town); see also *Robertson*, 468 S.W.2d at 358–59 (discussing cases holding that presumption of course and scope is rebutted where the evidence establishes that the driver turned aside, even briefly, for a personal errand); cf. *Bell v. VPSI, Inc.*, 205 S.W.3d 706, 718 (Tex. App.-Fort Worth 2006, no pet.) (recognizing that "[e]ven

---

when driving a vehicle furnished by the employer, the employee is generally not in the course and scope while going to and returning from work unless he is directed by his employer or furthering the employer's business.").

Texas courts have generally held that an employee is generally not in the course and scope while going to and returning from work unless he is directed by his employer or furthering the employer's business, even when he is driving a vehicle furnished by the employer. See *Upton v. Gensco, Inc.*, 962 S.W.2d 620, 622 (Tex. App.-Fort Worth 1997, pet. denied); *Garcia v. City of Houston*, 799 S.W.2d 496, 499 (Tex. App.-El Paso 1990, writ denied) (holding presumption that employee driving city-owned vehicle was in course and scope vanished when evidence established he was finished with tasks for day and on his way home); *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 400 (Tex. App.-Houston [1st Dist.] 1988, writ denied) (affirming summary judgment where employee was driving company vehicle home for dinner); *Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 335 (Tex. App.-Corpus Christi 1983, no writ) (affirming summary judgment for employer where employee using company vehicle had finished work for day and was on way home, although use of vehicle was considered fringe benefit and part of compensation); *Salmon v. Hinojosa*, 538 S.W.2d 22, 24 (Tex. Civ. App.-San Antonio 1976, no writ) (holding presumption of course

and scope rebutted as matter of law by evidence that employee was merely returning from home to work); *Bell v. VPSI, Inc.*, 205 S.W.3d 706, 718 (Tex. App.—Fort Worth 2006, no pet.). Thus, the general consensus amongst the courts is that: "when the employer neither requires any particular means of travel nor directs the employee to take a particular route, the employee is not engaged in the furtherance of the master's business." *Upton v. Gensco, Inc.*, 962 S.W.2d 620, 622 (Tex. App.—Fort Worth 1997, pet. denied) (citing *Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d at 907 (citing *London v. Texas Power & Light Co.*, 620 S.W.2d 718, 720 (Tex. Civ. App.—Dallas 1981, no writ)); accord *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 636 (Tex. App.—San Antonio 1993, no writ).

Again, the only evidence regarding the accident is that Defendant Croxton, while employed by Appellee, Bill Reed, testified that while he was driving the company vehicle home for lunch he was involved in an accident with Appellant. (C.R. 49, 74). Consistent with the holdings of other Texas courts, this testimony demonstrates that Defendant Croxton was on a personal mission and was not acting in the course and scope of his employment with Appellee. Therefore, the presumption of course and scope is rebutted, and

Appellant must develop other evidence in support of its claim that Defendant, Croxton was acting in the course and scope of his employment.

### *No Other Evidence of Course and Scope Presented*

Unaided by the presumption that the driver was acting in furtherance of the employer's business, the plaintiff then has the burden to produce other evidence that the driver was acting within the course and scope of his or her employment at the time of the accident. See *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 637 (Tex. App.-San Antonio 1993, no writ).

Instead of controverting Defendant, Croxton's testimony, Appellant attempts to establish that Defendant Croxton was acting in the course and scope of his employment by pointing to the deposition evidence of a Bill Reed representative that testified that 1) immediately after the accident, Croxton notified his supervisor of the accident and the supervisor came to the scene of the accident; 2) an internal investigation was performed after the accident, and 3) that Defendant, Croxton was representing the company at the time of the accident.

However, the fact that Defendant Croxton notified the owner of the vehicle that its vehicle was involved in an accident after the accident occurred does not establish that Defendant Croxton was acting in the course and scope of

his employment or in furtherance of his employer's business at the time the accident occurred. Moreover, the fact that Appellee conducted an internal investigation into the accident, which involved its vehicle, is not indicative that the employee was acting within the course and scope of his employment while driving the vehicle when the accident occurred. The evidence of post-accident measures taken by Appellee with regard to its vehicle are not indicative of whether or not Defendant Croxton was acting in furtherance of Appellee's business at the time of the accident to raise a fact issue with regard to Appellant's *respondeat superior* claim.

Finally, the statement Appellant cites from C.R. 41 that Croxton was representing the company takes the statement out of context and completely misconstrues the testimony, the omitted and relevant portion of the testimony is as follows:

> Q: At the time of the accident, sir, that we're here for, was Mr. Croxton on the clock?
> A: He was representing the company, yes. ***He was not – I may have misstated that. He did not punch in or punch out. He was on our weekend base pay program.***

(C.R. 41)(emphasis added). Within the same answer, the testimony that Croxton was representing the company was withdrawn and denied, and the question posed was answered. Thus, the partial response Appellant argues is indicative

of Croxton acting within the course and scope of his employment is actually controverted in the same breath in which it was uttered. Thus, Appellant has not provided the Court with any evidence in support of its *respondeat superior* claim other than the fact that Defendant Croxton was employed by Bill Reed, Bill Reed's vehicle was involved in the accident, and Croxton was driving Bill Reed's vehicle at the time of the accident. As indicated by the case law above, this evidence alone is insufficient to create a fact issue on course and scope of employment. Therefore, Appellant's claim against Appellee Bill Reed, under the doctrine of *respondeat superior* was appropriately dismissed as a matter of law, and Appellee's motion for summary judgment on the same was properly granted.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee, Great Western Distributing Company of Amarillo d/b/a Bill Reed Distributing respectfully request this Court affirm the summary judgment and assess the costs of this appeal against Appellant.

Respectfully submitted,

MCMAHON SUROVIK SUTTLE, P.C.
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 FAX

BY: /s/Jessica Haile
      Jessica Haile
      State Bar No. 24071580
      jhaile@mcmahonlawtx.com

ATTORNEYS FOR APPELLEES

## CERTIFICATE OF COMPLIANCE

I, Jessica Haile, do hereby affirm that this motion is in size 14.5 Times New Roman font and contains 5,401 words in accordance with the Texas Rules of Appellate Procedure.

/s/ Jessica Haile

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was forwarded on this 11th day of July, 2016, via electronic service in accordance with the Texas Rules of Civil and Appellate Procedure to the following:

Cody D. Smith
Brackett & Ellis, P.C.
100 Main Street
Fort Worth, TX 76102-3090

Burt L. Burnett
Majd M. Ghanayem
The Burnett Law Firm
P. O. Box 1521
Abilene, TX 79604

/s/ Jessica Haile
Jessica Haile