**CITY OF HOUSTON, Appellant,**

v.

**J. Boyce LOVE et al., Appellees.**

**No. B2247.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1980.

Edward A. Cazares, City Atty., James K. Gardner, Senior Asst. City Atty., Houston, for appellant.

Robert A. Berry, Miller, Gann & Perdue, Robert S. MacIntyre, Barrow, Bland & Rehmet, M. Scott Taylor, Moriarty & Madigan, John Segelquist, John Ellis, Hicks, Hirsch, Glover & Robinson, Houston, for appellees.

Before COULSON, SALAZAR and MILLER, JJ.

COULSON, Justice.

Appellant, the City of Houston, appeals from a judgment rendered in favor of appellees, Susan Kay Love, Lisa Ann Edington, Jennifer Niemann, and Judith Niemann. The suit was brought by appellees against the City of Houston and against its employee, Robert Franklin Foulis, Jr., to recover damages for personal injuries sustained by appellees in an automobile accident. We affirm.

Robert Franklin Foulis, Jr. was a police officer for the City of Houston. He was assigned to the hit and run detail of the accident division. Foulis was authorized to keep his unit or police vehicle at his place of residence because he was often called away from home to investigate accidents. He was also authorized to drive the car to and from work and to use it during on duty hours. On July 20, 1976, a day Foulis was not required to report to the police station, Foulis used the police car to go to play golf. He had planned to use his personal car but could not because of a dead battery. After playing golf, Foulis drove to the City Garage to get gasoline and have the oil changed. When the maintenance work on the car was finished, Foulis left the station for home. The accident occurred on Interstate 45 North, outside the city limits of the City of Houston. The car in which the appellees were riding was struck in the left rear by Foulis' car and the appellees sustained serious personal injuries. Appellees brought suit against Foulis and the City of Houston.

The case was tried to a jury. Judgment was entered against the City of Houston that Susan Kay Love recover $11,222.01, that Lisa Ann Edington recover $42,369.38, that Jennifer Niemann recover $100,000.00, and that Judith Niemann recover $6,307.19. The City of Houston appeals.

The sole point of error before this court is that there was no evidence to support the jury's answer to Special Issue No. 1 of the court's charge. Special Issue No. 1 inquired of the jury, "at the time of the occurrence in question, was Robert F. Foulis, Jr. engaged in the service of the City of Houston and in furtherance of its business, whether on its premises or elsewhere?" The jury answered yes.

In reviewing a no evidence point, this court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). We find there was evidence to support the jury's finding. Foulis was required to have only the City Garage service his police vehicle. It was Foulis' responsibility to keep track of his mileage and to maintain the vehicle in good operating condition. The accident occurred on Foulis' way home from having the police car serviced at the City Garage. Foulis testified that he was clocking a speeder immediately prior to the collision. This was controverted by other witnesses who testified they did not observe any cars that were speeding. There is ample evidence to support the finding that Foulis was in the course and scope of employment at the time of the accident whether or not he was clocking a speeder on the freeway. Foulis testified that he had planned to get his police car serviced on the day of the accident even if he had used his personal car to go to the golf course. The fact that Foulis used his police car instead and then proceeded to the City Garage is not determinative. Neither is the fact that he had the car serviced on his day off. An employee's arrangement of the performance of his duties in a manner consistent with his personal convenience does not take him out of the scope of his employment. *Dictaphone Corp. v. Torrealba,* 520 S.W.2d 869, 872 (Tex.Civ.App.— Houston [14th] 1975, writ ref'd n. r. e.). Foulis was still engaged in the service of the City of Houston when the accident occurred. He had carried out his responsibility to keep the police vehicle in good operating condition by having it serviced at the City Garage. It was his further duty to return the vehicle to his home. It was necessary to the functioning of the accident division of the Police Department that Foulis have the police car at his disposal twenty-four hours a day since he could be called upon at any time to investigate a hit and run accident. Therefore appellant's point of error is overruled.

Affirmed.