Connie **GARCIA** and Pamela Wolford **Adams**, Appellants,

v.

**CITY OF HOUSTON**, Appellee.

No. 08–90–00073–CV.

Court of Appeals of Texas,
El Paso.

Nov. 7, 1990.

Rehearing Overruled Dec. 19, 1990.

Stephen Gano, Gano, Donovan & Gano, Inc., Houston, for appellants.

Rebecca A. Van Keuren, and Barbara A. Bowman, Asst. City Attys., Houston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a take-nothing judgment based upon a jury finding that the driver of a city vehicle was not acting in the scope of his employment at the time of the accident. Except for that one finding, all other issues were answered favorably for the two plaintiffs who are the Appellants in this case. We affirm.

There is little dispute as to the facts which control the disposition of this case on appeal. In July 1985, Pamela Adams was driving her car east on Almeda–Genoa Road in Houston, with Connie Garcia as a passenger. Their vehicle was struck by a vehicle owned by the City of Houston and being driven by James Mitchell Smith on Randolph Street. Smith did not obey a stop sign and proceeded into the intersection where the accident occurred without seeing the Adams vehicle. The jury found Smith alone responsible for the accident and that the two women sustained damages; the passenger's damages in a substantial amount. In answer to the first question which inquired if on the occasion in question James Mitchell Smith was acting in the scope of his employment, the jury answered "No."

The Appellant presents six points of error, all attacking the scope of employment submission and answer, and all argued together. Those points assert that (1) there is no evidence to support the submission of the issue and that scope of employment was established as a matter of law, (2) scope of employment was a law question for the court, (3) there is no evidence to support the jury's answer to the question on scope of employment, (4) there is insufficient evidence to support the jury's answer on the scope of employment, (5) the jury's answer on this issue is against the overwhelming weight and preponderance of the evidence; and (6) the trial court erred in not granting a new trial. The prayer is to reverse and render. Points of Error Four and Five complain about the trial court's failure to sustain a motion to disregard and set aside the jury's answer on the scope question. A trial court may not set aside or disregard an answer to a special issue because the evidence is insufficient or against the great weight. Tex.R. Civ.P. 301; *Wilfin, Inc. v. Williams*, 615 S.W.2d 242 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Browning v. West*, 557 S.W.2d 848 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). With regard to the complaint in Point of Error No. Three that there is no evidence to support the jury finding, the failure of the jury to find a fact upon which the proponent has the burden of proof need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex. 1973); *Sharpe v. Safway Scaffolds Company of Houston, Inc.*, 687 S.W.2d 386 (Tex.App.—Houston [14th Dist.] 1985, no writ). The real question for appeal, and one raised in the first point, is did the

plaintiffs establish as a matter of law that at the time of the accident James Mitchell Smith was in the scope of his employment for the City of Houston. To answer that question we review the entire record and if there is any evidence to the contrary, the issue has not been established as a matter of law. *Montes v. Texas Employers' Insurance Association,* 779 S.W.2d 485 (Tex. App.—El Paso 1989, writ denied).

■ The evidence in this case establishes that Mr. Smith was employed by the City of Houston Public Works Department and worked at Hobby Airport. He was furnished a city vehicle to use in his employment. He was permitted to drive the car home after work, but was not permitted to use it other than to travel to and from work. At home he was required to park the car off the street to protect it from theft or vandalism. On the date of the accident, he left the airport after his work for the day was completed and was on his way home when he hit the Adams' vehicle. At that time, his daily task for the City had been completed and he was performing no task in furtherance of his employment. Although he had control of the car 24 hours a day, he was not subject to call 24 hours a day.

Those facts certainly give rise to a long recognized presumption. In *Houston News Co. v. Shavers,* 64 S.W.2d 384 (Tex. Civ.App.—Waco 1933, writ ref'd), the Court considered a scope of employment question in a case where a company employee driving a company owned vehicle was involved in a collision while on the way to buy groceries. With regard to the presumption, the Court said:

> Evidence that the truck with which the injury was committed belonged to the news company and that it was being driven by one regularly in its employment, in the absence of evidence to the contrary, raised a presumption that such servant was engaged in the news company's business at the time of such collision. *Studebaker Bros. Co. v. Kitts* (Tex.Civ.App.) 152 S.W. 464. This, however, is a mere rule of procedure and the presumption vanishes when positive evidence to the contrary is introduced. The presumption grows out of the fact that not infrequently the evidence necessary to establish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to "smoke out" the defendant and to compel him to disclose the true facts within his knowledge. When, however, he discloses the true facts within his possession and such evidence is positive to the effect that the servant was not engaged in the master's business at the time of the injury, the presumption is nullified and the burden is then upon the plaintiff to produce other evidence or his cause fails.

■ In this case, the evidence was presented that the employee had completed his task for his employer at the time of the accident, was on his way home from work and was not engaged in serving his master when the accident occurred. At that stage of the proceedings, the presumption vanished and the burden shifted to the plaintiffs to prove scope of employment. The Appellant relies upon two cases which involve the City of Houston. In *City of Houston v. Wolverton,* 154 Tex. 325, 277 S.W.2d 101 (1955), the city employee was a dairy inspector who was furnished a city owned vehicle. He was driving the vehicle to the city operated garage when an accident occurred and the case turned upon the question of whether this was within the governmental or proprietary function of the City. There was no discussion in the Court's opinion about scope of employment because the employee was following direction to bring the car in for repairs at the city operated garage when the accident occurred. In the other case, *City of Houston v. Love,* 612 S.W.2d 211 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), the employee was a police officer who kept his vehicle at his residence because he was subject to call to investigate accidents. After driving to a golf course, he drove to the city garage for maintenance work and was on his way home when the accident occurred. The Court affirmed a finding that the officer was in the scope of his employ-

ment for several reasons. First, he was required to see that maintenance was performed, thus the trip to the garage. Second, he was required to keep the vehicle at home since he was on call 24 hours a day, thus the trip to his house. But even where an employee is on call 24 hours a day he must be engaged in or about the furtherance of the affairs or business of his employer to be in the scope of his employment. *Thomas v. Travelers Insurance Company,* 423 S.W.2d 359 (Tex.Civ.App.—El Paso 1967, writ ref'd). In an earlier case, this Court rejected a contention that all that was necessary to establish course of employment in a workmen's compensation case was that transportation was furnished as a part of the contract of employment. *Texas Employers' Insurance Association v. Byrd,* 540 S.W.2d 460 (Tex.Civ. App.—El Paso 1976, writ ref'd n.r.e.).

Very close to a "white horse case" is the decision in *Longoria v. Texaco, Inc.,* 649 S.W.2d 332 (Tex.App.—Corpus Christi 1983, no writ). In that case, Justice Utter wrote affirming a summary judgment for the employer where an employee who was furnished a company vehicle had an accident after finishing his work for the day and was on his way home. The Court held that the fact that the employer was interested in having the employee use its vehicle to go to and from his home did not raise a fact issue as to scope of employment. Relying upon some of the same cases cited in the *Longoria* opinion, the First Court of Appeals reached a similar result in *Drooker v. Saeilo Motors,* 756 S.W.2d 394 (Tex. App.—Houston [1st Dist.] 1988, writ denied). In that case the employee was driving a company owned vehicle to dinner during working hours when the accident occurred. Again, summary judgment for the employer was affirmed on the basis that the employee was not acting in the furtherance of the employers business when the accident occurred. If in the last two cases the evidence did not raise a fact issue on the issue of scope of employment, it cannot be said that scope of employment was established as a matter of law in this case and that the trial court erred in submitting that issue to the jury. The evidence supports the jury finding and would have supported a motion for instructed verdict for the City of Houston. Points of Error One through Six are overruled.

The judgment of the trial court is affirmed.