COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS



| | | |
|---|---|---|
| EL PASO WATER UTILITIES SYSTEM-PUBLIC SERVICE BOARD and THE CITY OF EL PASO, TEXAS, | § | No. 08-23-00071-CV |
| | § | Appeal from the |
| Appellants, | § | County Court at Law No. 7 |
| v. | § | of El Paso County, Texas |
| ARYAN MARIVANI, | § | (TC# 2022DCV1432) |
| Appellee. | | |

## MEMORANDUM OPINION

This is an accelerated interlocutory appeal in which Appellants, El Paso Water Utilities System-Public Service Board (EPWU) and the City of El Paso, Texas, challenge the denial of their plea to the jurisdiction and motion to dismiss in a negligence suit brought by Appellee, Aryan Marivani, after a car accident. The plea to the jurisdiction was based upon Appellants' immunity as a municipality. Appellants argue the employee involved in the accident was commuting home and, therefore, not within the scope of his employment at the time of the collision. We agree and reverse the trial court's order denying Appellants' plea to the jurisdiction and motion to dismiss and render judgment for Appellants.

## BACKGROUND

On February 9, 2022, Gabriel Ramirez, an EPWU employee, and Ivan Tevar Espinoza were involved in a car accident which damaged Marivani's parked vehicle. The details of the collision are not at issue in this appeal. We address only whether Appellants waived governmental immunity under the TTCA.

At the time of the collision, Ramirez was driving home after his shift in his assigned EPWU utility vehicle. In his employee statement report, Ramirez reported he was in his assigned EPWU utility vehicle and "leaving the yard at 4:00 pm on Wednesday 2-09-22 for the end of my shift" when the collision occurred. Under EPWU's vehicle use policy, "Utility equipment, vehicles and property are to be utilized for the purpose of carrying out company business; and their use for any personal business or convenience is prohibited." Further, the policy states "No person may use a Utility vehicle for transportation between home and work unless such use is advantageous to the Utility, and then only upon recommendation of the Division head and approval of the President/CEO." Finally, the policy states:

> Drivers of Utility vehicles are responsible for securing the vehicle used by them or assigned to them. Securing the vehicle includes removing the keys from the ignition and locking the doors any time it is unattended. An employee must do everything possible to protect Utility property including removing the temptation for theft and locking up Utility property. Vehicles parked overnight at the employee's residence must be parked off the street.

Marivani filed a suit against Appellants alleging the trial court had jurisdiction under the TTCA because Ramirez was acting in the scope of his employment when the collision occurred and, therefore, Appellants waived governmental immunity. Appellants filed a plea to the jurisdiction and motion to dismiss contending the opposite. After a hearing and briefing, the trial court denied Appellants' plea to the jurisdiction and motion to dismiss. This appeal followed.

## DISCUSSION

Appellants' sole issue is whether the trial court has jurisdiction over this suit. Appellants argue Ramirez was not acting within the scope of his employment at the time of the collision and, therefore, the trial court did not have jurisdiction.

### *Standard of Review*

A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Its purpose is to defeat a cause of action without regard to the merits of the claims asserted. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. A trial court's ruling on a plea to the jurisdiction is subject to *de novo* review. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues. *Id.* at 227. When a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court will review the relevant evidence to determine whether a fact issue exists. *Id.* "'This standard mirrors our review of summary judgments' where the reviewing court takes as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor." *Tex. Dep't of Criminal Justice v. Flores*, 555 S.W.3d 656, 661 (Tex. App.—El Paso 2018, no pet.) (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009)). If, however, the evidence is undisputed or fails to raise a fact question, the trial court

rules on the plea to the jurisdiction as a matter of law. *Tex. Dep't of Parks and Wildlife*, 133 S.W.3d at 228.

If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Tex. Dep't of Parks and Wildlife*, 133 S.W.3d at 226–27. On the other hand, "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Tex. Dep't of Parks and Wildlife*, 133 S.W.3d at 226–27.

### Applicable Law

Municipalities, like Appellants, enjoy sovereign immunity from lawsuits, except where the legislature consents to the suit, thereby waiving immunity. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323-24 (Tex. 2006). Sovereign immunity includes immunity from liability and immunity from being sued. *Id.* at 324 (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Immunity from suit deprives a trial court of subject matter jurisdiction. *Tex. Dep't of Parks and Wildlife*, 133 S.W.3d at 224. It is the plaintiff's burden to establish the trial court's jurisdiction to hear the case, which, in cases against a governmental unit, includes showing the entity waived its sovereign immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

The Legislature has waived sovereign immunity for property damage proximately caused by the negligence of an employee acting within the scope of employment if the damage is caused by a motor vehicle and the employee would otherwise be personally liable to the claimant under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). Under the TTCA, the scope of

4

employment "means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5).

There is a rebuttable presumption an employee-driver is in the scope of his employment if he is driving an employer's vehicle when the accident occurs. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). However, the presumption "is not evidence but rather a rule of procedure . . . that is overcome when positive evidence to the contrary is introduced." *Green v. Ransor, Inc.*, 175 S.W.3d 513, 516 (Tex. App.—Fort Worth 2005, no pet.) (citing *Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 334 (Tex. App.—Corpus Christi–Edinburg 1983, no writ)). "In other words, 'if there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of his employer's business, the presumption vanishes." *EAN Holdings, LLC v. Arce*, 636 S.W.3d 290, 296 (Tex. App.—Fort Worth 2021, pet. denied), reconsideration en banc denied (Dec. 9, 2021) (quoting *Mejia-Rosa v. John Moore Services, Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *7 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.)).

Under the coming-and-going rule, an "employee is generally not acting within the scope of his employment when traveling to and from work." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 139 (Tex. 2018). The coming-and-going rule reflects that an accident while traveling to and from work does not generally arise from a person's employment but instead from the risks and hazards inherent to the driving public. *Smith v. Tex. Emp. Ins. Ass'n*, 105 S.W.2d 192, 193 (Comm'n App. 1937); *Garza v. RDL Energy Services, LP*, No. 08-21-00044-CV, 2022 WL 17819746, at *4 (Tex. App.—El Paso Dec. 20, 2022, no pet.). The coming-and-going rule may apply even in a situation in which the employee-driver is driving an employer's vehicle. *See EAN*

5

*Holdings, LLC*, 636 S.W.3d at 296 (citing several situations where an employee-driver in an employer vehicle rebutted the presumption he was in the scope of his employment).

It is, however, an exception to the coming-and-going rule "when an employee has undertaken a special mission at the direction of his employer or is otherwise performing a service in furtherance of his employer's business with the express or implied approval of his employer." *Painter*, 561 S.W.3d at 136 [internal quotes and brackets omitted]. However, "[a]n employee's use of a company vehicle, travel to a temporary jobsite, or reimbursement by the employer for the cost of travel, do not, by themselves, implicate the special mission exception." *Rios Pina v. Sun Loans, Inc.*, No. 04-20-00336-CV, 2021 WL 3377600, at *3 (Tex. App.—San Antonio Aug. 4, 2021, pet. denied) (mem. op.).

### *Analysis*

At the time of the collision, Ramirez was driving an EPWU utility vehicle. Therefore, a rebuttable presumption arises that he was in the scope of his employment. *See Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, *4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.). In his employee statement report, Ramirez reported: "I was leaving the yard at 4:00pm on Wednesday 2-09-22 for the end of my shift. I am assigned an utility vehicle to take home, #1052." Therefore, although there was a presumption Ramirez was acting in the scope of his employment at the time of the collision, Appellants presented evidence the coming-and-going rule applied as he was off shift and driving his assigned take-home vehicle home. *See Lara*, 2016 WL 3964794, at *4 (holding the employee-driver was not acting in the scope of his employment when driving an employer's car when he was off duty).

Marivani alleges there is a fact issue as to whether Ramirez was off duty because there were inconsistencies regarding when he clocked out. Marivani references sealed trial court

6

exhibits, which are redacted in the clerk's record, allegedly showing Ramirez clocked out at 4:00 pm, at the same time as the collision, and an indication the clock out time was overridden to say 4:00 pm. However, regardless of whether Ramirez had clocked out, there is undisputed evidence, in the form of his employee statement report, he was leaving the yard after his shift had ended when the collision occurred. *See EAN Holdings, LLC*, 636 S.W.3d 290, 297 ("Regardless of the timing, [the employee-driver] was not at work or otherwise performing duties for [the employer] when the collision occurred.") *City of Houston v. Mejia*, 606 S.W.3d 901, 905 (Tex. App.— Houston [14th Dist.] 2020, pet. denied) ("Whether a peace officer was on duty or off is not dispositive as to whether she was acting within her employment's scope."). Even taking evidence favorable to Marivani as true and indulging every reasonable inference in his favor, it is undisputed Ramirez was heading home after his shift when the collision occurred. Assuming Ramirez had not clocked out when the collision occurred, he would still not be in the scope of his employment because he was heading home and not in or about the performance of a task lawfully assigned to him. *See EAN Holdings LLC*, 636 S.W.3d at 297; *Mejia*, 606 S.W.3d at 905.

In addition, Marivani attempts to rebut the argument Ramirez was merely coming and going by referring to EPWU's policies. Under the EPWU policy, utility vehicles are to be used only in conducting EPWU's business, the use of an EPWU vehicle to commute is only allowed if it is advantageous to EPWU, and drivers must secure any vehicles assigned to them.

In *Lara*, the Houston Court of Appeals found the employee-driver was not acting in the scope of his employment despite driving an employer's vehicle at the time of the collision because he "was off-duty, was not being paid for his time, had no official duties, and was merely commuting to work at the time of the collision." *Lara*, 2016 WL 3964794, at *4. The employee-driver in that case was commuting from his home in Harris County to work in Waller County in

his assigned police vehicle. *Id.* at 1. The plaintiff argued the police department policies raised a fact question as to whether the employee-driver was in the scope of his employment because the policy provided that "Police vehicles shall not be used outside the City limits of the City of Hempstead unless on official business." *Id.* at 2. The court of appeals determined that the policy was not enough to raise a fact issue when there was uncontroverted evidence the employee-driver was not engaged in active service at the time of the collision and his use of the police vehicle was permissive not mandatory. *Id.* at 5.

In contrast to *Lara*, in *City of Houston v. Love* the employee-driver's use of the police vehicle was mandatory. *City of Houston v. Love*, 612 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The Houston Court of Appeals held there was sufficient evidence to support the jury's finding the employee-driver was in the scope of employment at the time of the accident even though he was off duty and driving home from the city garage. *Id.* at 212. This holding was based, in part, on the fact that it was necessary to the functioning of the city's accident division for the employee-driver to always have access to the police vehicle, even when off duty, because he could be called upon at any time to investigate an accident. *Id.* at 213.

Here, Ramirez was off duty and commuting home in an EPWU utility vehicle at the time of the collision. EPWU's policy, similar to the one in *Lara*, stated "No person may use a Utility vehicle for transportation between home and work unless such use is advantageous to the Utility." The policy further required Ramirez secure the vehicle by removing the keys, locking the doors, and parking off the street. Unlike in *Love*, there is no evidence Ramirez's take-home vehicle was necessary for the functioning of EPWU; therefore, his home use is permissive and not mandatory. Taking all evidence favorable to Marivani as true and indulging every reasonable inference and doubts in his favor, this policy does not raise a fact issue as to whether Ramirez was in the scope

8

of his employment when there was evidence he was off duty at the time of the collision. *See Lara*, 2016 WL 3964794, at \*4–5 (holding an employee-driver was not in the scope of his business when he was off duty, had no official duties, was merely commuting when collision occurred despite a policy stating vehicles should not be used outside city limits unless the employee-driver is on official business); *City of Fort Worth v. Hart as Next Friend of K.H.*, No. 10-17-00258-CV, 2019 WL 91676, at \*4 (Tex. App.—Waco Jan. 2, 2019, pet. denied) (mem. op.) (employee-driver not within the scope of his employment when he was off duty and had no official duties at the time of the collision despite the policy limiting vehicle use to official business only).

Further, in *Garcia v. City of Houston*, this Court upheld a jury finding that an employee-driver was not acting in the scope of his employment at the time of a vehicle collision even though he was required to park the vehicle off the street at his home to protect it from damage. *Garcia v. City of Houston*, 799 S.W.2d 496, 497 (Tex. App.—El Paso 1990, writ denied). The employee-driver in that case was commuting in his assigned take-home city vehicle when the collision occurred. *Id.* at 498. This Court determined "it cannot be said that scope of employment was established as a matter of law in this case." *Id.* at 499. Similarly, here, even taking all evidence favorable to Marivani as true and indulging every reasonable inference and doubt in his favor, the fact Ramirez was required to secure the EPWU utility truck by removing the keys, locking the doors, and parking it off the street does not raise a fact issue regarding whether he was in the scope of his employment at the time of the collision.

Marivani cited *City of Houston v. Mejia* in support of his argument Ramirez was in the scope of his employment. In *Mejia*, the trial court denied the city's claim for governmental immunity at the summary judgment stage when the employee driver was off duty and driving home in a police vehicle. *City of Houston v. Mejia*, 606 S.W.3d 901, 904 (Tex. App.—Houston [14th

9

Dist.] 2020, pet. denied). The employee-driver in *Mejia* was asked by her spouse, a superior officer, to pick up the spouse's assigned police vehicle and deliver it to him. *Id.* at 907. The Houston Court of Appeals held a fact issue was raised as to whether the employee-driver was acting within the scope of her employment because she was following the specific request of a superior officer, her spouse, to pick up and deliver a vehicle she was not assigned and did not typically drive when the collision occurred. *Id.*

In contrast, here, Ramirez was not following a specific order or request by a supervisor and was merely commuting home at the time of the collision. Marivani attempts to equate the specific request in *Mejia* to the EPWU policy requiring Ramirez to safeguard the vehicle and to act in furtherance of EPWU's interests when driving. However, as discussed in *Lara* and *Garcia*, the policy statement that vehicle use is only for official business or when advantageous to the business and must be secured when parked at an employee's home does not create a fact issue as to whether the employee-driver is acting in the scope of his employment when evidence shows he is off duty at the time of the collision.

For the reasons stated above, even taking all evidence favorable to Marivani as true and indulging every reasonable inference and doubt in his favor, there is no fact issue as to whether Ramirez was in the scope of his employment at the time of the collision. Therefore, Appellants did not waive governmental immunity and the trial court erred in denying their plea to the jurisdiction and motion to dismiss.

We sustain Appellants' sole issue.

10

## CONCLUSION

Having sustained Appellants' sole issue, we reverse the trial court's order denying Appellants plea to the jurisdiction and motion to dismiss. We render judgment in favor of Appellants.

YVONNE T. RODRIGUEZ, Chief Justice

July 26, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.