In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00014-CV**
_____

**OLGA REYES AND DANIELA BONILLA, Appellants**

**V.**

**MONTGOMERY COUNTY, Appellee**

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 24-04-05132-CV**

## MEMORANDUM OPINION

Appellants Olga Reyes and Daniela Bonilla (collectively "Appellants" or "Plaintiffs") sued Montgomery County ("Appellee" or "the County") after a patrol car driven by Brent Guidry, who was employed at the time of the accident by the County as a patrol deputy, hit Appellants' vehicle. The County filed a plea to the jurisdiction, and the trial court granted the plea and dismissed the case with prejudice. Appellants filed a motion for reconsideration and, in the alternative, motion for new trial, which was overruled by operation of law. Appellants timely

filed this appeal. In two issues, Appellants argue the trial court erred in granting the County's plea to the jurisdiction and erred in failing to grant Plaintiffs' motion for reconsideration and, in the alternative, motion for new trial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012; Tex. R. App. P. 26.1(a). We affirm the trial court's judgment.

## Background

Plaintiffs filed a petition[1] alleging that on August 16, 2022, they were traveling in a vehicle in Montgomery County when Brent Guidry drove his vehicle into the rear of their vehicle. Plaintiffs alleged that Guidry "was acting within the course and scope of his employment with Montgomery County when he was following too closely and not maintaining a proper lookout or paying attention as an ordinary, prudent individual would have in the same or similar situation." According to the petition, Defendant Guidry's negligence was the proximate cause of Plaintiffs' injuries and damages. The petition also asserted that Defendant Montgomery County was liable for Guidry's acts and omissions under the doctrines of agency and respondeat superior. Plaintiffs filed Plaintiffs' First Amended Notice of Partial Non-Suit, requesting the trial court non-suit Plaintiffs' claims against Guidry, and the trial court signed an Order Granting Nonsuit and dismissed the claims against Guidry

---

[1] We refer to Plaintiffs' Second Amended Petition, the petition on file at the time the trial court granted the County's plea to the jurisdiction, as the "petition."

without prejudice. The County filed an Answer denying Plaintiffs' allegations, including Plaintiffs' allegation that Guidry was acting within the course and scope of his employment at the time of the accident, and the County asserted "the affirmative defense of sovereign/governmental immunity, including but not limited to, the application of the Texas Tort Claims Act and limitations of damages."

The County filed Defendant's Plea to the Jurisdiction, arguing that (1) Plaintiffs failed to plead and prove a valid waiver of immunity and claim against the County, and (2) Plaintiffs' claims against the County are barred by immunity and do not fall under the Texas Tort Claims Act ("TTCA") because Guidry was not acting within the course and scope of his employment at the time of the accident. In support of the plea, the County attached as exhibits: the Texas Peace Officer's Crash Report from the accident; Guidry's typewritten "24-HOUR activities summary[]" summarizing the accident and events just before and after the accident that he provided to Sergeant Layman and Sergeant Lowery; and Sergeant Cody Lowery's affidavit with attached exhibits including a timesheet for Guidry on the day of the accident, Guidry's typewritten "24-HOUR activities summary[,]" and certain Montgomery County Sheriff's Office ("MCSO") policies.

Plaintiffs filed Plaintiffs' Response to Defendant's Plea to the Jurisdiction, arguing that the County's immunity from Plaintiffs' claims is waived by the TTCA because, under Texas law, peace officers are never off duty, so the County is liable

3

for Deputy Guidry's actions while operating his patrol car; that Guidry had testified during his deposition that he was on duty and acting within his scope of employment at the time of the accident; and that the County had not met its burden to present evidence showing that Guidry was off duty at the time of the accident and that the County's immunity was waived under the TTCA.

The trial court granted the County's plea to the jurisdiction. Plaintiffs filed Plaintiffs' Motion for Reconsideration Granting of Defendant's Plea to the Jurisdiction or, in the Alternative, Motion for New Trial. In the motion, Plaintiffs argued that, according to Guidry's deposition transcript, which was not attached to the response to the plea because Plaintiffs alleged it was unavailable, Guidry testified that he was on duty at the time of the accident "per [the County's] policy[]" and that he was on duty until he pulled into his driveway of his home at the end of his shift. Plaintiffs argued that Guidry's testimony, along with Deputy Guidry's timesheet which shows no gaps in the time he worked on the day of the wreck, raise a fact issue about whether Guidry was on duty at the time of the accident. The motion was overruled by operation of law. Plaintiffs timely appealed.

Standard of Review and Applicable Law

Governmental immunity protects political subdivisions, including counties, from lawsuits for damages, because unless the governmental unit has consented to suit, a trial court lacks subject matter jurisdiction to consider a claim against it. *See*

4

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B). Consent to suit is found in a constitutional or legislative provision, and whether subject matter jurisdiction exists, based on a waiver of immunity, is a question of law; we therefore review the trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226.

A plea to the jurisdiction may challenge either the sufficiency of the jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226-27. A governmental entity may file a plea to the jurisdiction to challenge a court's power to resolve the merits of a plaintiff's claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). To defeat the governmental immunity claim, the plaintiff must plead facts that affirmatively demonstrate that governmental immunity has been waived and the trial court has subject matter jurisdiction. *See Holland*, 221 S.W.3d at 642; *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether this burden has been satisfied, we must construe the pleadings liberally in the plaintiff's favor and deny the plea if the plaintiff has alleged facts affirmatively demonstrating jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226.

5

If the governmental entity challenges the plaintiff's jurisdictional allegations, then the plaintiff must adduce some evidence to support jurisdiction. *Id.* at 227-28. In such a case, the trial court then considers the relevant evidence submitted by the parties. *Id.* at 227. When a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court will review the relevant evidence to determine whether a fact issue exists. *Id.* This standard mirrors the standard appellate courts use to review a trial court's ruling on a traditional motion for summary judgment. *Id.* at 228. When the relevant evidence is undisputed or fails to raise a fact question on the issue of jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* If, however, the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea, and the fact issue will be resolved by the fact finder. *Id.* at 227-28. In reviewing the evidence presented, we indulge every reasonable inference in the plaintiff's favor. *Id.* at 228.

Under the doctrine of governmental immunity, political subdivisions of the State, including counties, cannot be held liable for actions of their employees unless the governmental unit's common-law immunity is waived by the TTCA. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); *see also Taylor*, 106 S.W.3d at 694 n.3. In cases involving torts, the Legislature waived the immunity that governmental entities otherwise enjoy if the plaintiff's claim is one that falls within

the requirements of the statutory waiver. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021.-.029. Section 101.021 of the TTCA allows a plaintiff to sue a governmental unit for damages if the requirements in the TTCA apply to the plaintiff's claim. *See id.* § 101.021. Section 101.021(1) provides that a governmental unit is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if "(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law[.]" *Id.* § 101.021(1). In addition to waiving a governmental unit's immunity from liability, section 101.025 also waives immunity from suit. *Id.* § 101.025(a); *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). For purposes of the TTCA, an "employee" includes "a person . . . who is in the paid service of a governmental unit by competent authority[,]" and "scope of employment" means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(2), (5).

We review both the denial of a motion for reconsideration and the denial of a motion for new trial for abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (standard of review for denial of motion for new trial); *Bustamante v.*

7

*Moak Devs., LLC*, No. 09-23-00154-CV, 2025 Tex. App. LEXIS 284, at **25-26 (Tex. App.—Beaumont Jan. 23, 2025, no pet.) (mem. op.) (standard of review for denial of motion for reconsideration). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### Grant of the County's Plea to the Jurisdiction

In issue one, Appellants argue that the trial court erred in granting the County's plea to the jurisdiction because the County's own evidence demonstrates a fact issue on whether Deputy Guidry was on duty when the crash occurred, and Plaintiffs advised the trial court of Deputy Guidry's deposition testimony that he was on duty when the crash occurred. Relying on this Court's opinion in *Jefferson County v. Dent*, Appellants contend that because a genuine issue of fact was raised on Guidry's on-duty or off-duty status, the trial court erred in granting Appellee's plea to the jurisdiction. *See* No. 09-19-00005-CV, 2019 Tex. App. LEXIS 6388, at *6 (Tex. App.—Beaumont July 25, 2019, no pet.) (mem. op.).

Here, Plaintiffs' petition alleged that at the time of the accident Deputy Guidry was acting within the scope of his employment with the County and that the County was liable for Guidry's negligence in causing the accident under the doctrines of

8

agency and respondeat superior. As for the County's plea to the jurisdiction, the County bore the burden of producing evidence to show that Deputy Guidry was not in the scope of his employment when the accident occurred. *See Miranda*, 133 S.W.3d at 227-28.

In general, whether an officer is acting within the scope of his employment depends on whether the general act from which an injury arose was in furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed. *See Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 Tex. App. LEXIS 7778, at **8-9 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.); *City of Balch Springs v. Austin*, 315 S.W.3d 219, 225 (Tex. App.—Dallas 2010, no pet.) (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)). Even an officer who is on duty or on call twenty-four hours a day is not necessarily always acting within the scope of his employment; his actions at the time of the incident are critical to the determination. *City of Balch Springs*, 315 S.W.3d at 225; *Garcia v. City of Houston*, 799 S.W.2d 496, 499 (Tex. App.—El Paso 1990, writ denied); *see also Garza v. Harrison*, 574 S.W.3d 389, 403 (Tex. 2019) ("[W]hether an officer is on or off duty does not determine whether the officer's conduct falls within the scope of his employment."); *City of Houston v. Mejia*, 606 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2020, pet. denied)

("Whether a peace officer was on duty or off is not dispositive as to whether she was acting within her employment's scope.").

In *Dent*, this Court explained

> Under Texas law, "every peace officer [has a duty] to preserve the peace within the officer's jurisdiction." Peace officers, including deputy sheriffs, retain their status as peace officers "twenty-four hours a day[.]" Consequently, peace officers are not relieved of the duty to preserve the peace merely because they are no longer on duty. Because off-duty officers may still be engaged in discharging their duty to maintain the peace, it is not possible to determine whether a particular officer is acting in the course and scope of his employment by considering only whether the officer's shift has ended. Instead, in cases involving police officers, courts look to whether the officer or officers involved were discharging their duties as police officers when the tort occurred.

2019 Tex. App. LEXIS 6388, at **6-7 (citations omitted). The mere fact that Guidry was driving a patrol vehicle is not dispositive. *See Garza*, 574 S.W.3d at 405. The key question is whether, when viewed objectively, there was a connection at the time the accident occurred between the officer's job duties and his allegedly tortious act. *City of Houston v. Lal*, 605 S.W.3d 645, 649 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Garza*, 574 S.W.3d at 401); *see City of Balch Springs*, 315 S.W.3d at 225 ("In short, an employee is not acting within the scope of his duties unless the activity has some connection with, and is being undertaken in furtherance of, the employer's business.") (citing *Biggs v. U.S. Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex. 1981); *Vernon v. City of Dallas*, 638 S.W.2d 5, 8-9 (Tex. App.—Dallas 1982, writ ref'd n.r.e.)); *see also Garza*, 574 S.W.3d at 400; *Martin v. Vill. of Surfside Beach*,

No. 14-22-00085-CV, 2023 Tex. App. LEXIS 3292, at **5-6 (Tex. App.—Houston [14th Dist.] May 16, 2023, no pet.) (mem. op.); *Lara*, 2016 Tex. App. LEXIS 7778, at *9 (citing *City of Houston v. Wormley*, 623 S.W.2d 692, 694 (Tex. App.—Houston 1981, writ ref'd n.r.e.); *City of Houston v. Love*, 612 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.)); In making this determination, we "examine what the officer was doing at the time of the incident and why he was doing [it]." *Lara*, 2016 Tex. App. LEXIS 7778, at *9.

Under the "coming-and-going rule," an employee is generally not acting within the scope of his employment when traveling to and from work. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 139 (Tex. 2018). It is true that "[i]n automobile collision cases [under the TTCA] a presumption arises that the driver was acting within the scope of his employment by the defendant when it is proved that the employer owned the vehicle and employed the driver." *Wormley*, 623 S.W.2d at 694 (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). "The presumption is only a procedural tool, however, and it disappears from the case once it has been rebutted by positive evidence to the contrary." *Id.* (citing *Robertson Tank Lines*, 468 S.W.2d at 357).

It is undisputed that Deputy Guidry was an employee of the County at the time of the accident, and that he was driving a vehicle owned by the County. Thus, the evidence raised a presumption that Deputy Guidry was in the course and scope of

11

his employment at the time of the accident. *See id.* (citing *Robertson Tank Lines*, 468 S.W.2d at 357). If, however, there is evidence that Deputy Guidry's actions at the time of the accident were not in furtherance of the County's business, the presumption vanishes. *See City of Houston v. Stoffer*, No. 01-23-00335-CV, 2024 Tex. App. LEXIS 4957, at *12 (Tex. App.—Houston [1st Dist.] July 16, 2024, pet. denied) (mem. op.); *Valdez v. City of Houston*, No. 01-21-00070-CV, 2022 Tex. App. LEXIS 6679, at *13 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.) (citing *Mejia-Rosa v. John Moore Servs.*, No. 01-17-00955-CV, 2019 Tex. App. LEXIS 6405, at *16 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.)).

The County attached three exhibits in support of its plea to the jurisdiction. Exhibit 1 is a Texas Peace Officer's Crash Report from the accident. The accident report states that the accident happened on August 16, 2022, at 1800 hours. Exhibit 2 is a typed statement by Deputy Guidry stating the following, in relevant part:

> To: Sergeant Layman
> CC: Sergeant Lowery
> From: Deputy Brent Guidry #14615
> 24-HOUR activities summary:
>
> On 08/15/2022 I reported for duty at 0600 hours. I completed patrols and answered calls to service until 1800 hours. After being relieved of patrol duty by night shift, I drove to my residence and notified dispatch of being off duty. I had dinner with my family, which consisted of McDonalds food and water for the beverage. I woke up on 08/16/2022 at approximately 0410 hours to get ready for work. I reported for duty at 0600 hours and completed patrols and answered calls for service.

12

After being relieved of patrol duty by night shift, I started driving home towards my residence. I was traveling in my patrol unit Eastbound on the Highway 99 overpass at the stop light to merge onto US Highway 59 South feeder. While attempting to merge I struck the Acura vehicle in front of me, causing rear bumper damage to her vehicle and front-end damage to my patrol unit. I notified dispatch of the fleet accident and advised district 3 Sergeant Layman. I got out of my vehicle to check the status of the driver and passenger of the Acura vehicle. DPS arrived on the scene to complete crash report.

Respectfully,

Deputy Brent Guidry#14615

Exhibit 3 is an Affidavit of Sergeant Cody Lowery with the MCSO, stating the following, in pertinent part:

> . . . I was the supervisor for MCSO Deputy Brent Guidry on August 16 and 17, 2022. Deputy Guidry was a patrol deputy on August 16, 2022. He was granted permission, not required, to drive a MCSO vehicle on his commute between his work and residence before and after being on-duty during scheduled work hours.
>
> On or about August 17, 2022, Deputy Guidry submitted his timesheet to me regarding his work hours for August 16, 2022, and I approved them. Attached to my affidavit as Exhibit A and incorporated herein by reference is a true and correct copy of Deputy Guidry's timesheet for August 16, 2022. Exhibit B, attached and incorporated herein by reference, is a true and correct copy of the 24 hour memo written by Deputy Guidry related to the accident the subject of this suit. This page is an exact duplicate of the original memo written by Deputy Guidry and sent to me. The memo was made at or near the time of each act or event set forth by, or from information transmitted by, persons with knowledge of the matters. The memo was kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the memo.
>
> As stated in Exhibits A and B, Deputy Guidry worked his regularly scheduled hours from 06:00 until 18:00 on August 16, 2022 and was "relieved of patrol duty by night shift" and "started driving home towards [his] residence" immediately prior to the accident.

13

Consistent with his statement and the attached timesheet, Deputy Guidry had completed his job duties and ended his shift at 18:00 on August 16, 2022. Deputy Guidry was off-duty immediately prior to and at the time of the accident the subject of this suit. Deputy Guidry was not conducting MCSO business, or taking action in furtherance of MCSO business, or being paid for any service at the time of the accident. Deputy Guidry was not assigned any official duties or assignments at the time of the accident. According to his statement, Deputy Guidry was simply commuting home after work at the time of the accident.

I approved Deputy Guidry's timesheet reflecting his additional 4.5 hours worked on August 16, 2022 until 22:30 in order to handle the fleet issues following the accident. The 4.5 hours worked by Deputy Guidry at the end of the day on August 16, 2022 were not previously scheduled and were only worked by Deputy Guidry subsequent to, and because of, the accident that occurred with his fleet vehicle while he was off-duty.

Exhibit C, attached and incorporated herein by reference, is a true and correct copy of MCSO policies related to sections 1.1.12 and 4.1.4 (the "record"). The record was made at or near the time of each act or event set forth by, or from information transmitted by, persons with knowledge of the matters. The record was kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the record.

Section 4.1.4 relates the MCSO policy that take-home vehicles are not required, but are often authorized. Section 1.1.12 of the MCSO policy states that even if you are driving a MCSO vehicle, patrol deputies are off-duty after being relieved by the next shift or a supervisor.

Exhibit A attached to Lowery's affidavit, a timesheet for Guidry on August 16, 2022, notes that Guidry worked 16.5 hours: 12 hours from 06:00 to 18:00, and 4.5 more hours from 18:00 to 22:30. The timesheet noted that Sergeant Lowery authorized Guidry's 6:00 p.m. to 10:30 p.m. shift and for that shift included the notation "Comment=FLEET[.]" Exhibit B is a typed statement from Guidry, which is

14

identical to Exhibit 2 attached to the County's plea. Exhibit C contains excerpts of MCSO's Manual of Operations which provides in section 1.1.12 that "Deputies shall remain on-duty until properly relieved by the next shift, or relieved by a supervisor." The manual also provides the following in section 4.1.4:

> AUTHORIZED USE OF COUNTY VEHICLES AND NON-EMERGENCY OPERATION OF OFFICIAL VEHICLES
> []
> Sworn deputies may be authorized by the Sheriff to take Sheriff's Office owned vehicles home and use such vehicles in accordance with established protocols and limitations. . . .
> []
> Vehicles are assigned to employees at the discretion of the Sheriff or Sheriff's designee. No employee has a right to a vehicle by virtue of the employee's position.

Applying this Court's analysis in *Dent*, in determining whether the County has rebutted the presumption that Deputy Guidry was acting within the scope of his employment, we need not determine whether Deputy Guidry was on duty or off duty. *See Dent*, 2019 Tex. App. LEXIS 6388, at *7. Instead, the relevant inquiry is whether at the time of the accident Guidry was acting in furtherance of the County's business by discharging his duties as a deputy. *See id.*; *see also Garza*, 574 S.W.3d at 401. Deputy Guidry stated in his statement that on August 16, 2022, "[a]fter being relieved of patrol duty by night shift, [he] started driving home towards [his] residence[,]" and then the accident occurred. Sergeant Lowery, Guidry's supervisor, stated in his affidavit attached to the County's plea that pursuant to MCSO's policies, Deputy Guidry was granted permission but not required to use his patrol car to

commute to and from work and that patrol officers are off duty by being relieved by the next shift or a supervisor, and the MCSO policies attached to Lowery's affidavit are consistent with Lowery's statements. The accident report attached to the County's plea stated that the accident occurred at "1800" and Guidry's timesheet attached to Sergeant Lowery's affidavit reflected that his normal shift ended at 18:00 hours. The evidence then shows that because of the accident he worked 4.5 more hours from 18:00 to 22:30 which was authorized by Sergeant Lowery to deal with the fleet vehicle. Sergeant Lowery explained in his affidavit that the additional 4.5 hours were worked by Guidry subsequent to, and as a result of, the accident. Sergeant Lowery also stated that immediately prior to and at the time of the accident Guidry was not conducting MCSO business or taking action in furtherance of MSCO business.

This evidence supports the County's contention that Guidry was not acting in the scope of his employment, as he was neither engaged in the "performance for a governmental unit of the duties of an employee's office or employment" nor "in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5). The evidence the County presented supported that Deputy Guidry was commuting home after being relieved from his shift and that immediately before or at the time of the accident Guidry was not conducting MCSO business. This evidence is sufficient to rebut the

16

presumption that Guidry was acting in the scope of his employment because driving home had no connection to Deputy Guidry's job duties at the time of the accident. *See Garza*, 574 S.W.3d at 401; *Wormley*, 623 S.W.2d at 694; *see also Valdez*, 2022 Tex. App. LEXIS 6679, at \*18 (officer not acting in the scope of her employment where she was off duty, not on call, and returning home after completing her assignment and act of listening to the police radio while driving home after having finished work was out of personal interest and did not have a connection with, and was not undertaken in furtherance of, the City's business—and rebutted the presumption that she was acting within the scope of her employment at the time of the accident); *City of Balch Springs*, 315 S.W.3d at 227 (officer was not acting within scope of employment at the time of accident where officer was returning to location of his private, off-duty employment, had not been contacted by police dispatcher to respond to call or to engage in his official police officer duties, was not responding to an emergency, and he was not engaged in law enforcement duty of preserving peace); *cf. Dent*, 2019 Tex. App. LEXIS 6388, at \*12 (the plaintiff testified that the officer admitted at the scene that he was responding to a dispatch and call at the time of the accident); *cf. also Mejia*, 606 S.W.3d at 906-07 (City failed to meet its burden to prove the sergeant who struck the plaintiffs' vehicle was not acting within the scope of her employment at the time of the accident where the evidence showed that the sergeant was on her way home from work at the time of the accident and her

husband, who was a superior officer employed by the sergeant's employer, asked her to pick up his City-issued vehicle from the City garage and drive it to their home so he would have the vehicle available at the beginning of his shift, which benefitted the sergeant's employer); *Lal*, 605 S.W.3d at 647-49 (City failed to meet its burden to prove the officer was not acting within the scope of his employment when he struck the plaintiff's vehicle; officer was returning home at night in his City-issued motor vehicle and veered into oncoming traffic and struck plaintiff's vehicle and the evidence showed that the officer was "off duty" but "on call" and had looked at his City-issued cell phone when it rang which caused him to crash into plaintiff's vehicle). We conclude the County's evidence shifted the burden of proof to Plaintiffs, so Plaintiffs were required to produce evidence showing that an issue of material fact existed on whether Guidry was in the scope of his employment when the accident occurred. *See Miranda*, 133 S.W.3d at 221; *see also Martin*, 2023 Tex. App. LEXIS 3292, at *6 ("If the employer proffers evidence rebutting the presumption, the burden shifts back to the plaintiff to produce other evidence that the driver was acting in the course and scope of his employment at the time of the collision.") (citing *Robertson Tank Lines*, 468 S.W.2d at 358; *Molina v. City of Pasadena*, No. 14-17-00524-CV, 2018 Tex. App. LEXIS 6579, at *10 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.)).

Plaintiffs asserted in their response to the County's plea to the jurisdiction that "we [] do not know the exact time of the wreck[]" and that, although the accident report reflects that the accident occurred at "1800" hours, the author of the police report did not observe the accident. Plaintiffs argued in their response that Guidry was deposed, and that the transcript was not yet available but that

> [P]laintiff[s'] counsel will relay to [the trial] [c]ourt that Sheriff Deputy Brent Guidry stated that he was on duty and acting within his scope of employment during his deposition when the wreck occurred. Deputy Guidry stated that his actions while on duty are recorded and stored in the Spillman software used by Montgomery County to manage their sheriff deputies. Plaintiff[s'] counsel was unaware of this software information before Deputy Guidry's deposition. Defendants did not include this information in their Plea to the Jurisdiction, nor has Montgomery County turned this information over to the Plaintiff[s]. Plaintiff[s'] counsel has requested the Spillman data after Deputy Guidry's deposition.[]

Plaintiffs, relying on *Dent*, argue that the County is liable for Guidry's actions while operating his patrol car because peace officers are never off duty, and Plaintiffs contend that the plea to the jurisdiction should be denied because "Texas Courts are clear that Montgomery County's governmental immunity is waived when an injury was caused by an employee's use of a vehicle.[]" According to Plaintiffs, the County "bears the burden to present evidence needed to show Deputy Guidry was off-duty" and that the County's immunity is not waived by the TTCA. Plaintiffs argued that the County's assertion that Guidry was off duty at the time of the accident "is simply preposterous[]" because Guidry's timesheet reflects that he worked between the

19

hours of 06:00 and 22:30 without any breaks in time so he was "on duty operating within the course of his employment" at the time of the accident. Plaintiffs argued that Guidry's typed summary of what transpired the day of the accident that was attached to the County's plea was not signed by Guidry and that Guidry did not state that he was off duty at the time of the accident. Plaintiffs argued that Guidry stated in his deposition that he was on duty. Plaintiffs presented no other evidence in their response other than the documents the County attached to their plea and a photograph from Guidry's dashcam recording after the accident occurred, with the time stamp of 18:01:20. On appeal, Appellants argue that the County's own evidence creates a fact issue on whether Guidry was on duty at the time of the accident because Guidry's timesheet lacks a gap of the time when the accident occurred and Lowery's affidavit states that Guidry was off duty immediately prior and at the time of the accident, and that plaintiffs' counsel had advised the trial court of Guidry's deposition testimony that he was on duty and believed he was acting within his scope of employment until he pulled into his driveway at his home and defense counsel did not object to plaintiffs' counsel's statement.

It is undisputed that Guidry was on his way home when the accident occurred. Here, the issue is a legal issue as to whether Guidry, who was on his way home at the end of his shift, was acting within the scope of his employment when the accident occurred. *See Quested v. City of Houston*, 440 S.W.3d 275, 282 (Tex. App.—

20

Houston [14th Dist.] 2014, no pet.) (citing *Univ. of Tex. Health Sci. Ctr. at Hous. v. McQueen*, 431 S.W.3d 750, 756-57 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting appellate court reviews trial court's ruling on a plea to the jurisdiction as a matter of law when "parties do not dispute the facts presented on the jurisdictional issue [but] simply dispute the legal significance of that evidence[]")). Guidry's subjective belief or testimony about whether he is "on duty" until he pulls into his driveway is not the controlling issue because we need not determine whether Deputy Guidry was on duty or off duty. *See Dent*, 2019 Tex. App. LEXIS 6388, at *7. Instead, the relevant inquiry is whether at the time of the accident Guidry was acting in furtherance of the County's business by discharging his duties as a deputy. *See id. See also Klumb v. Hou. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015) (noting subjective views are irrelevant to questions of law).

The evidence is uncontroverted that Guidry was driving home at the end of his shift, and he was not responding to a call from dispatch or discharging any of his duties at the time of the accident. Lowery's affidavit in support of the County's plea stated that patrol officers are permitted but not required to commute to and from work in their patrol vehicles, patrol deputies are off duty once relieved by the next shift or a supervisor, and the County's policies attached to the affidavit were consistent with Lowery's statements. Plaintiffs did not present any evidence that

21

tended to controvert the County's evidence that Guidry was merely commuting home at the time of the accident, and Plaintiffs did not present any evidence that tended to controvert the County's evidence that immediately prior to or at the time of the accident that Guidry was not conducting MCSO business or taking action in furtherance of MCSO business. *See City of Balch Springs*, 315 S.W.3d at 225 (citing *Biggs*, 611 S.W.2d at 627); *see also El Paso Water Utils. Sys.-Pub. Serv. Bd. v. Marivani*, No. 08-23-00071-CV, 2023 Tex. App. LEXIS 5488, at **8-14 (Tex. App.—El Paso July 26, 2023, no pet.) (mem. op.) (even assuming the Water Utilities employee had not clocked out when he struck a parked vehicle, he was still not in the scope of his employment because he was heading home and not in or about the performance of a task lawfully assigned to him, and the fact that the Water Utilities' policy stated that the use of the Water Utilities' vehicles to commute is only allowed if it is advantageous to the Water Utilities does not rebut the presumption that the employee was merely coming or going to or from work because the employee's use of the Water Utilities' vehicle was not necessary for the functioning of the Water Utilities' Department and was permissive and not mandatory; the Water Utilities did not waive governmental immunity because there was no fact issue as to whether the employee was in the scope of his employment at the time of the collision); *cf. Love*, 612 S.W.2d at 213 (evidence demonstrated that officer's use of patrol car was mandatory and officer was enforcing speeding laws moments before his accident

and was actively fulfilling obligations imposed on officers who operate take-home vehicles). Even indulging every reasonable inference in Plaintiffs' favor, we conclude Plaintiffs failed to raise a fact issue on whether Guidry was in the scope of his employment at the time of the accident, and therefore the Plaintiffs did not overcome the presumption of governmental immunity. *See Miranda*, 133 S.W.3d at 226-28. The trial court did not err in granting the County's plea to the jurisdiction. We overrule issue one.

<u>Denial of Appellants' Motion for Reconsideration and Motion for New Trial</u>

In issue two, Appellants make essentially the same arguments as in issue one and contend the trial court abused its discretion in denying Plaintiffs' motion for reconsideration or, in the alternative, motion for new trial, and that the trial court's order granting the plea should be reversed and remanded for a trial on the merits. Specifically, Appellants argue that in Guidry's deposition transcript, which was attached to the motion and not available when Appellants filed their response to the County's plea to the jurisdiction, Guidry testified that he remains on duty until he pulls into his driveway at his home. Appellants assert that "Guidry testified that until officially off-duty, officers can be directed by their supervisor to drive to another Sheriff's Office district to assist with a major crash or other incident that monopolizes all officers in that district[,]" and so, according to Appellants, Guidry could have been assigned by his supervisor to assist other officers with a major

23

incident anywhere in Montgomery County up until the time he pulled into his driveway and announced he was off duty, and therefore, Guidry was discharging his duties as a police officer when the tort occurred.

We have already noted that Guidry's subjective belief as to whether he was "on duty" until he pulled into his driveway is not the issue before us. *See infra* at p. 21; *Dent*, 2019 Tex. App. LEXIS 6388, at *7. Guidry's deposition testimony cited by Appellants does not create a fact issue as to whether he was acting within the course and scope of his employment at the time of the accident. The trial court did not abuse its discretion in denying Plaintiffs' Motion for Reconsideration Granting of Defendant's Plea to the Jurisdiction or, in the Alternative, Motion for New Trial. *See In re R.R.*, 209 S.W.3d at 114; *Bustamante*, 2025 Tex. App. LEXIS 284, at **25-26. We overrule issue two.

We affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on July 21, 2025
Opinion Delivered July 24, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

24